CATHERINE BRADY, Administratrix, Appellee, v. CARL HAW, Appellant.

**DAMAGES:** Measure of Damages—Funeral Expenses. Funeral expenses are not recoverable as damages for wrongful death, but there can be recovered the loss to which decedent's estate may have been put by reason of the loss caused by the payment of the same upon his premature death, before the time the same would have been required, had he died a natural death.

WEAVER and EVANS, JJ., dissent.

*Appeal from Wapello District Court.*—SENECA CORNELL, Judge.

OCTOBER 23, 1919.

THIS is an action to recover damages resulting from a wrongful act causing death. The only controversy is as to whether or not the administrator of the deceased can recover for funeral expenses. The court held against the defendant on this proposition, and the defendant appeals.—*Reversed.*

*Roberts & Webber,* and *Frank T. Roberts,* for appellant.

*Jaques, Tisdale & Jaques,* for appellee.

GAYNOR, J.—This action is brought by the administratrix of the estate of Pat Brady, to recover for injuries causing his death. It is admitted that he came to his death through the negligence of the defendant. The plaintiff included in her claim for damages the sums necessarily expended for funeral expenses, and doctors' and hospital bills, and introduced evidence as to the same. The necessity for such expenditures, and that the amounts expended are reasonable, is not questioned.

At the conclusion of the evidence, the defendant moved "to strike from the record and take from the jury all testimony relating to the matters of funeral expenses, nurse hire, doctor bills, and hospital bills as incompetent, irrelevant, and immaterial, and not presenting a proper measure of damages." This motion was overruled. Thereupon, the plaintiff filed an amendment to her petition, claiming $160 for funeral expenses, $15 for doctors' bills, $10 for hospital bills, and $15 for church expenses connected with the burial. A motion to strike this amendment was filed and overruled, and exception taken.

Before the argument was begun, the defendant asked

the court to withdraw from the jury all evidence relative to funeral expenses, hospital and doctors' bills, the same not being within the nature of damages which the law authorizes in cases of this kind. This request was refused, and the refusal was excepted to by the defendant. Thereupon, the court gave the jury the following instruction:

"If, under the evidence and the instructions given, you should find for the plaintiff, you will then proceed to determine from the evidence the amount of her recovery herein. The measure of such recovery, if any, will be the present worth or value of the estate which deceased would reasonably be expected to have saved and accumulated, if he had been permitted to live out the natural term of his life. The measure of recovery, in cases of this character, is the amount, estimated at its present worth, which, under all the circumstances disclosed in the evidence, you believe would have been added to the estate which he left at the end of his natural life. *Also such amount as you find from the evidence to be the reasonable funeral expenses, doctor's bill and hospital bills,* not exceeding the amount claimed for such funeral expense, doctor's and hospital bills."

To this instruction proper exceptions were taken.

With this instruction, the court submitted the following special interrogatories:

"(1) What amount, if anything, do you find that the deceased, Pat Brady, would reasonably be expected to have saved and accumulated, had he lived out his natural life? A. $500.

"(2) What was the actual amount of the funeral expenses of the deceased, Pat Brady? A. $185."

The jury returned a verdict in favor of the plaintiff for $685. Judgment was entered upon this verdict.

The defendant, in his argument here, now concedes that there was sufficient competent evidence introduced on the trial to justify the general verdict and judgment to the

amount for which the same was rendered, if, under the law, funeral expenses are properly allowed as an element of damage in such cases as this; and the defendant bases his appeal solely upon the ground that *funeral expenses* are not a proper element of damage, hence are not properly allowable in such cases. So the only question presented for our consideration at this time is whether funeral expenses are an element of damage for which an administrator of an estate may recover. This expenditure came as a proximate result of the wrongful act of the defendant in causing death. But death is inevitable. It comes to all. Undoubtedly, this expense is one that would have been incurred by this estate, had deceased been permitted to live out his expectancy. The estate, however, is called to meet it now. It is an expenditure which the estate was required to liquidate out of the funds passing into the hands of the administrator immediately upon his death and burial. It was an expense made immediately necessary by the negligent act of the defendant. Ordinarily, the wrongdoer is legally bound to reimburse the injured party, or his estate, for all damages which come as a proximate result of the wrong. Whatever measurable injury the wrong produces, traceable to the wrong as its proximate cause, the wrongdoer, in law and in good conscience, ought to be called upon to meet. However, it is in the law of nature that all must die, and we assume that, in all Christian countries, the dead receive decent burial, and that this is attended with some expense to the estate. We assume that the estate of Pat Brady would have been called upon to bury him, and pay the expenses incurred in such burial, had he been permitted to live out his expectancy; and we assume that the estate would be diminished to that extent then. We must assume that the funeral expenses and burial in this case were the proximate result of the wrong done to Patrick during his life. This expenditure must be met, and the property

that comes into the hands of the administrator reduced accordingly, and this, whether death comes now, or whether it comes later. In either event, the estate is diminished to the amount of this expense. The question then is: Shall the person who caused this expenditure be called upon to reimburse the estate for it in any sum? This expenditure which the estate is now called upon to make might not have been incurred for many years, had Pat Brady been permitted to live out his expectancy. If it is not considered against this defendant, the estate must pay it now, though, in the ordinary course of nature, payment might be postponed many years. It is the wrongful act of the defendant that takes this money out of the estate now. What is the wrong that is done to the estate for which compensation ought to be made? The wrong lies in the fact that the wrongful act of the defendant has compelled the estate to make an expenditure which, in the ordinary course of nature, it would not be required to make, perhaps, for many years. If we relieve the defendant of all liability for this expenditure, we place a burden on the estate in requiring it to pay now what, in the course of nature, it would not be required to pay, perhaps, for many years. There is, therefore, some loss to the estate. It has suffered some wrong from the negligent act of the defendant. This wrong must be compensated for. It is apparent that the estate has lost the use of the money which it is forced to expend now for burial purposes. The use of the money is lost to the estate during the period between the forced death and the time when, in the course of nature, the estate would be called upon to make this expenditure. This, at legal interest, might or might not affect the amount of plaintiff's recovery in a considerable sum, depending upon the expectancy of the deceased at the time of his death. The jury, therefore, should be instructed to consider this item in determining the present worth of what plaintiff would

accumulate and save to his estate, if permitted to live out his expectancy. If the jury be not allowed to consider this item at all, in estimating the amount which the injured party is entitled to recover from the wrongdoer, there certainly is some loss to the estate for which no compensation is made; for it is apparent that, even though death is inevitable, and even though the estate may, at some time, be called upon to incur these expenses, the fact that it is called upon to make the expenditure now, long before the time when death would, under natural conditions, claim the deceased, with its incident of burial, is a fair matter to be considered in determining the amount of plaintiff's recovery.

As to hospital and doctor's bills, we say that the deceased suffered physical injuries at the hands of the defendant. These injuries sent him to the hospital for care. These injuries made it necessary to employ the aid of physicians and surgeons. There is no assurance that, had he lived out his expectancy, he would ever have suffered like injuries, resulting in like expenditures, or even approximately like expenditures, or that he would ever have suffered the injuries that called upon him for these expenditures. These were properly allowed.

The court, however, erred in allowing the full amount of expenditures for funeral and burial. It should have instructed the jury that this expenditure is an element to be considered by the jury in determining the present worth of that which the plaintiff would, if permitted to live out his expectancy, have accumulated and left to his estate. They should consider that these expenses were forced upon the estate in anticipation of a time when, in the course of nature, they would be incurred.

We find the decisions of other states not in harmony on this question.

For the error pointed out, the case is—*Reversed.*

LADD, C. J., PRESTON, SALINGER, and STEVENS, JJ., concur.

WEAVER and EVANS, JJ., dissent.