JESSIE S. POTTS, as Executrix of the Estate of William G. POTTS, Deceased, and R. EMMETT HANLEY, as Administrator *cum testamento annexo* of the Last Will and Testament of William G. Potts, Deceased, v. SAMUEL MULLIGAN.

193 So. 767
Special Division B
Opinion Filed February 9, 1940
Rehearing Denied February 27, 1940

*Kurtz & Reed* and *Murrell & Malone,* for Plaintiff in Error;

*E. F. P. Brigham,* for Defendant in Error.

BROWN, J.—This writ of error brings up for review a judgment rendered in the Circuit Court of the Eleventh Judicial Circuit in favor of the defendant in error for $9,250.00 as damages, together with the costs incurred in the court below. The action was originally brought by Samuel Mulligan, defendant in error here, against W. G. Potts, in February, 1937, and upon the subsequent death of said W. G. Potts, which fact was properly brought to the attention of the court, an order was made substituting Jessie S. Potts, as executrix of the estate of W. G. Potts, deceased, and R. Emmett Hanley as administrator *cum testamento annexo* of the estate of said deceased, as parties defendant, and ordering that the cause proceed against them as the legal representatives of the estate of W. G. Potts, which order was entered November 6, 1937.

The action was one brought by a husband for damages occasioned by the wrongful death of his wife, as a result of a collision between the automobile being driven by the plaintiff in the court below, whose wife was sitting beside him in his car, and an automobile driven by the agent and servant of the defendant, while acting within his employment, which collision took place at the intersection of Dade Boulevard and Alton Road in Miami Beach, Florida, on November 12, 1936. Plaintiff's wife died one month and one day thereafter. The declaration alleged that this collision was caused by the negligence of the driver of defendant's automobile, and that as a proximate result thereof plaintiff's wife came to her death, and that plaintiff was obliged to and did lay out and expend large sums of money for ambulance hire, hospital rent, medical treatment and medicines, and other expense items, "in accordance with the bill of particulars attached hereto as Exhibit A and by reference made a part hereof." Plaintiff claimed damages in the sum of $25,000.00. Said Exhibit A, so made a part of the declaration, and entitled "Bill of Particulars" gave an itemized statement of various items of expense, including ambulance and hospital bills, doctors' bills, and funeral expenses amounting to $597.42, the total of these items of expense being $999.56. Said exhibit also embraced this item: "To loss of society, companionship and consortium of wife, $24,000.42," making a total of $25,000.00 as alleged in the declaration.

One of the contentions of the plaintiff in error is that funeral expenses, incurred by the plaintiff husband in connection with the death of his wife, do not constitute a proper element of damages in an action brought to recover damages for the wrongful death of his said wife.

In the case of International Shoe Co. v. Hewitt, 123 Fla.

587, 167 So. 7, this Court held that the administrator in an action under the wrongful death statute (Secs. 7047-7048 C. G. L.) could not recover damages for funeral expenses. In that case it was said:

" 'Where an administrator has a right of action under the statute imposing a liability for the wrongful death of a person, he may recover the value, at the decedent's death, of the prospective earnings and savings that, from the evidence, could reasonably have been expected but for the death of the decedent.' "

"And in Fla. East Coast R. Co. v. Hayes, 67 Fla. 101. 64 .So. 504, we held that in an action of this kind, an administrator may recover only the present monetary worth of the decedent's life to an estimated prospective estate to compensate for the estate that the decedent probably would have accumulated to leave at his death. This is a purely statutory action, and under the statute as previously interpreted by this Court, the administrator cannot recover for the funeral expenses. We admit that the decisions in other jurisdictions are by no means unanimous on this question. See 17 C. J. 1339, 1340, and Davis v. N. Y. Central, etc., R. Co. 233 N. Y. 242, 136 N. E. 277; Horning v. Holt, 153 Wis. 101, 140 N. W. 1102. But the reasoning of our own decisions as applied to other elements of recoverable damages sustains our conclusion. Furthermore, the declaration did not claim damages for funeral expenses, which was in the nature of special damages, which should be specifically claimed. Sutherland on Damages, 4th ed., Section 1278, page 4951."

But here the action is by the husband of the deceased, and the damages which the husband can claim, under Section 7048, Comp. Gen. Laws, cover a wider range than those which an administrator can recover under said statute.

It is true that in the body of the declaration in this case there is no express or specific claim of damages for funeral expenses, but they are itemized in the exhibit which was made a part of the declaration, and this we hold to be sufficient, provided of course said funeral expenses are recoverable by the husband in such an action as this.

Plaintiffs in error contend that inasmuch as funeral expenses are by our statute made a prior claim against the estate of the deceased wife to the extent of $350.00, to that extent at least the plaintiff in the court below was not entitled to recovery.

The evidence in this case does not show whether the deceased Mrs. Mulligan left any estate, but the evidence does show that the bill for these funeral expenses was made out against, presented to and paid by the plaintiff husband.

Plaintiffs in error cite the case of Saucer v. Willys Overland, Inc., 49 Fed. (2d) 385, in which it was held that the widow, in an action for the wrongful death of her husband, is not entitled to recover funeral expenses as an element of damages. The opinion in that case was written by District Judge STRUM, formerly a member of this Court. But when all that was said by Judge STRUM is considered, we think that the case thus cited tends to sustain the contention of the defendant in error rather than that of the plaintiffs in error. In that case the opinion in part reads as follows:

"The pertinent part of the statute (Sec. 7048, Comp. Gen. Laws Fla. 1927), with respect to damages recoverable, is that the person to whom a right of action may survive 'shall recover such damages as by law such person or persons are entitled in their own right to recover.'

"At common law, no right of action for wrongful death

survives. Liability to a survivor for the wrongful death of a decedent, as well as the measure of recovery, must be found in the statute above. F. E. C. Ry. v. Hayes, 66 Fla. 589, 64 So. 274; *Id.,* 67 Fla. 101, 64 So. 504, 7 A. L. R. 1310.

"The statute makes no express mention of funeral expenses as an item of recovery. The statute is in derogation of the common law and the same rules of construction applicable to other such statutes must be applied. The statute does not confer upon a widow a right to succeed to causes of action existing in the deceased or his personal representative. Under the statute, a widow may recover only the damages to which she is entitled 'in her own right,' that is, to compensate her for a loss she has sustained flowing from the nature of her relation with the deceased, amongst which are loss of protection, support, consortium, and her expectancy from decedent's estate. Dina v. S. A. L. Ry., 90 Fla. 558, 106 So. 416. The widow, as such, sustains no loss on account of the funeral expenses of her husband. Liability for such funeral expenses rests upon the husband's estate, and can be recovered, if at all, only by the personal representative in an action on behalf of deceased's estate. 17 C. J. 1338.

"It is very generally held under similar statutes that the widow of one killed by another's negligence cannot ordinarily recover for medical services to the deceased. Regan v. Davis, 290 Pa. 167, 138 A. 751, 54 A. L. R. 1073.

"The same reasoning applies to funeral expenses. *The rule, of course, is otherwise in the case of death of a minor child, or in an action by a surviving husband, to recover the funeral expenses of a deceased wife, for which the husband would be liable.* Brady v. Haw, 187 Iowa, 501, 174 N. W. 331, 7 A. L. R. 1306, *et seq.;* Consolidated Traction Co. v.

Horne, 60 N. J. Law, 444, 38 A. 759. See also the following cases, decided under the Federal Employer's Liability Act (45 U. S. C. A., Secs. 51-59); Philadelphia & R. R. Co. v. Marland (C. C. A.) 239 F. 1, affirmed (C. C. A.) 246 F. 91; D. L. & W. R. Co. v. Hughes (C. C. A.) 240 F. 941, modifying (D. C.) 233 F. 118." (Italics supplied.)

Even though the funeral expenses might have been made the basis of a valid claim against the estate of the deceased wife in this case, if in fact she had such an estate, we think that as between the husband and the funeral director, the husband may become obligated for such funeral expenses, and that is what the evidence indicates here, as this expense was incurred immediately after the death of plaintiff's wife, before it would have been possible to have had an administrator or executor appointed, and the bills were made out against the husband and paid by him, as shown by the receipted bills introduced in evidence in this case. The husband was the only person on the scene to look after this matter and to incur this obligation. It was his duty, morally at least, to see to it that his wife's remains were decently buried. There was no complaint in the court below on the ground that he had been unreasonably extravagant in the amount of the funeral expenses. The interment was in Nyack, N. Y., her old home town, which increased the expense.

While the cases on this subject are in conflict (see 16 Am. Jur., Sec. 193, page 129, and 17 C. J. 1339) we will indulge the presumption usually accorded to the rulings of the trial court, and hold that under the circumstances as shown by this record these funeral expenses should be considered as a part of the recoverable damages which the husband was entitled to recover in this action.

It is averred by plaintiff in error that the declaration

contains no allegations as to his damages for loss of society, companionship and consortium of his wife and that by reason thereof he should not be allowed to recover damages therefor. However, there is contained in the bill of particulars an item for "loss of society, companionship and consortium of wife * * * $24,000.00." It is to be noted that the purpose of a bill of particulars is to inform the defendant of the nature and character of the cause of action and for what particular items it is brought. Belote v. O'Brian's Adm'rs., 20 Fla. 126; Robinson v. Dibble's Adm'rs., 17 Fla. 457, text 460; Royal Phosphate Co. v. Van Ness, 53 Fla. 135, 43 So. 916; State *ex rel.* Dillman v. Tedder, Judge, 123 Fla. 188, 166 So. 590. The item in the bill of particulars, which bill is expressly made a part of the declaration, sufficiently sets up the damages for such loss. In the pleadings as set forth in the report of the case of Fla. Cent. & P. Ry. Co. v. Faxworth, 41 Fla. 1, 25 So. 338, no specific claim for loss of society, companionship and consortium appears to have been made. See 41 Fla., pages 4, 5 and 6, also 72-74, and 25 So., pages 340, 347. This case is highly persuasive of the correctness of our holding here.

In his declaration, after stating the relation of the parties, plaintiff below alleges that defendant's servant "so negligently and carelessly ran, drove and operated said Plymouth automobile" that he collided with plaintiff's car, thereby causing injury to plaintiff's wife. Defendant attacks the sufficiency of this allegation of negligence by demurrer.

The law in this State is well settled that in an action for negligence it is necessary to allege only the ultimate facts showing the relation between the parties, the act or omission causing the injury, and an allegation that such act or omission was negligently done or omitted. Coombs v. Rice, 64 Fla. 202, 59 So. 958; Carter v. J. Ray Arnold

Lumber Co., 83 Fla. 470, 91 So. 893; Brinson v. City of Mulberry, 104 Fla. 248, 139 So. 792.

The allegations of the declaration being sufficient to meet these requirements, the circuit court correctly overruled the demurrer.

The first and second counts charge that the death of plaintiff's wife was the direct and proximate result of the injuries inflicted upon her by the negligence of defendant's servant, one H. Laison, who was driving defendant's automobile. The third and fourth counts contain the following allegations:

"That at said time and place the said H. Laison so negligently and carelessly ran, drove and operated said Plymouth automobile of the defendant that he drove the same into and upon said Jewett automobile of the plaintiff in which the plaintiff's wife was then and there a passenger as aforesaid, striking said Jewett automobile of the plaintiff violently, and proximately causing the same to overturn at said intersection, thereby seriously and grievously bruising and wounding the wife of the plaintiff, causing her to be thrown out of the plaintiff's automobile onto the pavement of said intersection which was then and there wet by reason of a rain storm, and seriously and grievously shocking the nervous system of the wife of the plaintiff to a great extent, and exposing her to the inclement weather, then and there existing at said intersection. That prior to said date of November 12th, 1936, the wife of the said plaintiff, unknown to the plaintiff and his said wife, was afflicted with heart trouble, some hardening of the arteries, and an inactive form of tuberculosis; that said conditions of the plaintiff's wife were not noticeable, did not worry or trouble her or the plaintiff, were inactive and did not interfere with the plaintiff's society, companionship and consortium with

his said wife, nor affect her daily activities, nor her household duties, but that when she was injured, by the negligence of the defendant as aforesaid, her injury, and the said exposure to which she was then and there subjected, so aggravated her said condition that as a result of her said condition, and the said injuries which she received, as a direct and proximate result of the defendant's negligence as aforesaid, the plaintiff's wife, on, to-wit: December 13th, 1936, died."

There was testimony tending to prove that plaintiff's wife, prior to the accident, did not *suffer* from the afflictions which, according to the medical testimony introduced by plaintiff, she undoubtedly had; that the arterio sclerosis had not caused her any discomfort, and the pulmonary tuberculosis was in an inactive state. Also, that prior to the accident she had not had any symptoms of angina pectoris.

Plaintiff in error contends that the medical testimony shows the only connection between the injuries received and the death of plaintiff's wife more than a month later; that while the injuries and exposure (the weather was inclement and rain was coming down at the time of the accident), according to such medical testimony of the plaintiff, *might* have so originated or aggravated the hurt condition as to cause her death, there was no testimony to show that it *did* cause her death. Physicians are frequently cautious in stating positively that an injury caused death where disease conditions are also present; but the testimony of Dr. Preston, taken as a whole, in connection with the testimony as to Mrs. Mulligan's apparent good health prior to the accident, the nature of the injuries, the nervous shock and the exposure to the rain and inclement weather, are sufficient to sustain the jury's finding which was probably upon their

belief that the collision and injuries precipitated and activated what were merely latent diseases to the extent of causing Mrs. Mulligan to die at the time she did die, and that but for these injuries she in all probability would be alive today.

We are also of the opinion that the evidence was sufficient to sustain the jury's verdict on the question of the negligence of defendant's servant.

We have examined the instructions to the jury which are assigned as error, but when considered in connection with the court's charge as a whole, and in the light of the testimony in the case, we find no reversible error was committed.

Plaintiff in error has also assigned as error the failure of the trial court to direct a verdict in his favor because of insufficiency of evidence to sustain defendant in error's case. It is a well settled rule in this State that if reasonable men may differ as to the existence of facts establishing an ultimate fact, or as to inferences drawn from conceded facts, the case is one for the jury. C. B. Rogers Co. v. Meinhart, 37 Fla. 480, 19 So. 878; F. E. C. Ry. Co. v. Hayes, 66 Fla. 589, 64 So. 274; Gulf Refining Co. v. Ankeny, 102 Fla. 151, 135 So. 521. Certainly there were sufficient disputed facts about which competent testimony was adduced by both parties to warrant sending the case to the jury.

Being unable to find wherein error was committed, the judgment of the trial court should be and is hereby affirmed.

Affirmed.

WHITFIELD, P. J., and THOMAS, J., concur.

BUFORD and CHAPMAN, J. J., concur in opinion and judgment.

Chief Justice TERRELL not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.