55 So.2d 549 (1951)
ELI WITT CIGAR & TOBACCO CO.
v.
MATATICS.
Supreme Court of Florida, Special Division B.
December 14, 1951.
*550 Dixon, DeJarnette & Bradford, Miami, for appellant.
Ted P. Galatis and Richard R. Kirsch, Fort Lauderdale, for appellee.
ROBERTS, Justice.
This is an appeal from a verdict and judgment entered in favor of plaintiff in a suit instituted by him in the court below to recover for personal injuries alleged to have been caused by the negligence of defendant's employee.
The accident occurred when plaintiff, while riding on a motorcycle, collided with a car being driven by defendant's employee. As a result thereof, plaintiff suffered a brain concussion and other injuries, and was hospitalized for eight days. He was then released, and was apparently making a rapid recovery. Some three weeks after the accident, however, the plaintiff climbed up a ladder into an attic over his garage to put away some luggage, suffered a dizzy spell while trying to descend, and fell to the concrete floor of the garage. This fall resulted in an injury to his spinal cord which caused a complete and permanent paralysis in his lower extremities and partial and permanent paralysis in his upper extremities.
The principal question here presented is whether the evidence is sufficient to show that the original accident is the proximate cause of the injuries and paralysis resulting from the plaintiff's second accident. We think that this question must be answered in the affirmative.
The defendant does not here question the jury's finding that the negligence of its employee was the proximate cause of the accident resulting in plaintiff's brain concussion, nor does it deny liability for the brain concussion; it contends, however, that it is not responsible for the damages resulting *551 from the second accident on the ground that the evidence showed only that the plaintiff's dizzy spells were a "merely possible" rather than a "natural and probable" result of the brain concussion, citing Cone v. Inter County Telephone & Telegraph Company, Fla., 40 So.2d 148, 149.
We do not think the Cone case is authority for such a contention. While it is the rule, as stated in that case that "when the loss is not a direct result of the negligent act complained of, or does not follow in natural ordinary sequence from such act but is merely a possible, as distinguished from a natural and probable, result of the negligent, recovery will not be allowed," we do not think that such rule is applicable to a determination of the particular question of whether the plaintiff's dizzy spells were caused by the brain concussion. The plaintiff testified that he had never suffered dizzy spells prior to the first accident, that he began to suffer such spells immediately thereafter, and that he had such a spell only three or four days prior to the second accident. It was also shown by the expert testimony of a physician that a loss of equilibrium could result from a brain concussion. We think that such evidence fairly warranted an inference of proximate cause and effect between the brain concussion and the dizzy spells, under the authority of Southern States Power Company v. Clark, 181 Fla. 521, 159 So. 881. See also Potts v. Mulligan, 141 Fla. 685, 193 So. 767.
This court has not heretofore considered the question of "proximate cause" under circumstances similar to those existing in the case at bar. The rule applicable to such a situation is, however, stated in the Restatement of Torts, Section 460, page 1220, as follows: "If the negligent actor is liable for an injury which impairs the physical condition of another's body, the actor is also liable for harm sustained in a subsequent accident which would not have occurred had the other's bodily efficiency not been impaired." Thus, in Marshall v. City of Pittsburg, 119 Pa.Super. 189, 180 A. 733, the facts were as follows: The plaintiff's decedent sustained an injury to his knee due to defendant's negligence. Some two months later, the injured knee gave way while the deceased was descending the stairs in his home, he fell down the stairs, and died as a result of the fall. The Pennsylvania Superior Court held that, in accordance with the rule above quoted, the jury was justified in finding that the negligence of the defendant was the proximate cause of the death of plaintiff's decedent.
The facts in the instant case also bring it within the rule above quoted. As heretofore noted, the jury was warranted in inferring that the dizzy spells were caused by the brain concussion suffered in the first accident; and the plaintiff testified that it was the dizzy spell which caused him to fall in attempting to descend from the attic. Thus, if the second accident is attributable solely to the dizzy spell, and without negligence on the part of the plaintiff or a third person, the jury had the right to find that the defendant was liable for the paralysis and other injuries caused by plaintiff's fall.
The question of the plaintiff's contributory negligence was submitted to the jury under instructions requested by the defendant, and it is not here argued that the plaintiff's claim for damages for injuries sustained in his second accident should have been defeated because the plaintiff assumed the risk of injury from climbing into the attic when he knew, or should have known, that he might suffer a dizzy spell while so engaged.
Under such circumstances and under the state of the record before this court, it must be held that the jury was justified in finding that the defendant was liable for the injuries sustained by plaintiff in the second accident.
The defendant also contends here that the lower court erred in permitting the plaintiff to take the stand and give additional testimony after defendant had made and argued a motion for a directed verdict, and before a ruling thereon by the court. This is a matter within the discretion of the court, and no abuse thereof has been made clearly to appear. See Pavlis v. Atlas-Imperial Diesel Engine Company, 121 Fla. *552 185, 163 So. 515; 53 Am.Jur., Trial, Sec. 124, Page 110.
The defendant's assignments of error relating to the court's instructions to the jury cannot be here considered, since no objection was made to the court's charge, nor were specific instructions requested on the matters as to which error is here assigned. Under the provisions of Common Law Rule 39(b), 30 F.S.A., "No party may assign as error the giving of any instruction unless he objects thereto at such time, nor the failure to give an instruction unless he shall have requested the same." The provisions of Section 59.07(2), Florida Statutes, F.S.A., as well as former Common Law Rule 74, insofar as they are in conflict with Common Law Rule 39(b), must be held to have been "changed, amended, repealed, or superseded" by the new rule, see Section 59.44, Florida Statutes, F.S.A.
No error having been made to appear, the judgment appealed from should be and it is hereby
Affirmed.
SEBRING, C.J., HOBSON, J., and JONES, Associate Justice, concur.