On Rehearing Granted.
HOBSON, Chief Justice.
We do not consider it necessary to outline again the history of this case or to repeat the questions which are presented for determination on this appeal. Our original opinion, we believe, provides sufficient information concerning this suit to make our opinion upon rehearing understandable to the members of the bench and bar.
Counsel for appellee contend that we should recede from our former opinion and judgment because,
“(1) Plaintiff admits and the evidence conclusively shows one refusal of insurance to him which he falsely concealed from the defendant. One fraudulently concealed refusal is just as effective to defeat his right of recovery as three such refusals.
“(2) The evidence of the two insurance solicitors of plaintiff’s efforts to obtain insurance through them was clearly admissible either (a) as evidence of additional refusals, or (b) as bearing upon the fraudulent intent and knowledge of the plaintiff at the time he misrepresented that there had been no refusal when in fact one refusal had admittedly occurred, and (c) in explanation and contradiction of the tes *595 timony previously given by the plaintiff himself in which he detailed these same transactions in a manner and with a color calculated to strengthen his own case.
“(3) The opinion is based in large part on a charge of the court to which appellant took no exception in the lower court. It is not proper for the correctness of the charge to be challenged or considered for the first time in the appellate court. Rule 39(b).”
Appellant naturally takes the position that we should adhere to our opinion and judgment of reversal. It is the contention of counsel for appellant that it was harmful, prejudicial and, therefore, reversible error for the jury to be permitted to consider the .testimony of the witnesses Herbert Pfeiffer, Jr. and J. E. Daniels because such testimony was immaterial, irrelevant and incompetent and was considered by the jury in the light of a charge by the court to the effect that the declinations or refusals of Pfeiffer and Daniels to hándle appellant’s application for a policy of fire insurance on his yacht “Surlew” were actually refusals of other underwriters when in truth and in fact these gentlemen were not properly classified in that category.
There is in this record before us competent substantial evidence which justified the jury in determining that (1) appellant had been refused insurance on his yacht by at least one underwriter and that he falsely represented to appellee that he had not theretofore been refused insurance by any other underwriter; (2) appellant failed to establish that appellee had lcnowl-edge prior to the issuance of the policy in suit that appellant had been refused a policy of insurance by the Marine Office of America. However, appellant insists if such be the case it does.not follow that the admission by the court of evidence of two alleged refusals by underwriters, which he contends were not established as such, was harmless error.
In our original opinion we concluded that the testimony of witnesses Pfeiffer and Daniels should have been stricken by the trial judge upon motion made by counsel for plaintiff (appellant herein). We decided that the testimony of neither of these witnesses established that appellant had made a false representation to appellee in his application for insurance because neither of these witnesses was in fact an underwriter but each was only authorized to submit applications for marine insurance to the Marine Office of America located in New Orleans, where such applications would either be accepted or rejected. We concluded, inferentially at least, that their testimony was not admissible upon any theory. However, our actual determination was that the admission of such testimony could not be considered harmless error because of the following charge which was given as appellee’s requested charge No. 17 by the trial judge:
“Should you find that the defendant or its agents acquired knowledge of one refusal of insurance for the plaintiff, but the plaintiff was actually refused insurance by more than one other underwriter, then the knowledge of the defendant insurance company would not be full and complete, and your verdict should be for the defendant. In other words, you must find that the defendant insurance company had knowledge of all refusals of insurance to the plaintiff before the effect of any misrepresentation in the application on this-score can be overcome.” (Italics supplied.)
Upon a careful reconsideration of this case in the light of able argument made, and briefs filed, by counsel for the respective litigants, we have concluded that it was not harmful error on the part of the trial judge to give the foregoing charge although, standing alone, it might have given rise to the thought that the trial judge considered the testimony of Pfeiffer and Daniels to amount to refusals on the part of other insurers or underwriters to issue a policy of insurance to the appellant and that said judge was so advising the jury. However, we have repeatedly held that all of the charges given by.-the trial judge to the jury will'be considered by us in determining the question whether any *596 one charge might- have misled • the jury or , prejudicéd it against the appellant. We find that any prejudice which might have developed as a result of the trial judge’s charge No. 17 was completely eradicated by. the "court’s charges numbers 9 and 10 requested by appellant in which the trial judge clearly defined an underwriter as. - well as an agent and left no doubt as to the distinction which exists -between them. These charges were:
. “9. The Court charges you that an underwriter is an individual or business firm having power and authority to write contracts of insurance; that a mere agent with power-to take applications for insurance and forward them for approval or disapproval to his underwriter is not himself an underwriter, and if no application is made to, an -underwriter or its duly authorized agent, and none is forwarded by the agent to the underwriter, it cannot be said that such underwriter has refused insurance, even if the agent has declined to act for its issuance.”
“10. No. 10 is given in an amended form: ‘The court charges you that mere negotiations with an insurance agent, without power himself to issue a policy of marine insurance, or power to refuse to issue such policy, not resulting in an application or any communication with his underwriter who must approve or disapprove of the policy which might be applied for, and even if such agent declines, neglects or refuses to accept and forward an application, does not constitute refusal of insurance by an underwriter’.”
These charges are definite and specific and completely eliminate the possibility of the jury having been misled or prejudiced against appellant by virtue of -charge No. 17.. Moreover, no exception was taken by appellant in the lower court to the giving of this charge. It is not proper for appellant to challenge the propriety of such charge for the first time on appeal. See 30 F.S.A.Rules of Common Law, rule 39(b) and Eli Witt Cigar & Tobacco Co. v. Matatics, Fla., 55 So.2d 549.
Since we have determined that the giving of charge No. 17 was not harmful or .prejudicial error, we turn to the query, was the testimony given by Pfeiffer and Daniels admissible for any purpose, although it was riot sufficient to establish refusals of insurers or underwriters to issue a policy of insurance to appellant prior to his written application filed with the ap-pellee?
Since the defense of a misrepresentation 'by appellant in his application was in essence a defense on the ground of fraud, the good faith of appellant is necessarily involved. We quote with approval from 20 Am.Jur. 320, paragraph 345:
“Whenever issues of * * *
fraud, and good faith are raised, the evidence must take • a rather . wide range and may embrace all of the facts and circumstances which go to make up the transaction, disclose its true character, explain the -acts of the parties, and throw light on their objects and intentions.”
We further quote with approval from 37 C.J.S., Fraud, § 104, p. 410:
“Where a question of fraud is involved, great latitude is ordinarily permitted in the introduction of evidence * * *>>
At this juncture we pause to recite a portion of appellant’s own statement in a discovery deposition which we consider significant upon the question of the existence of mala fides which question is implicit in the factual structure of this case. We quote:
“If you go buy a suit of clothes you don’t .want to tell the man you have been there first and then try the other place.. If you do, they will hold you up.”
We hold that the testimony of the witnesses Pfeiffer and Daniels was not wholly immaterial and irrelevant because of the inherent issue of appellant’s good faith. Appellant in his testimony anticipated the appearance of Pfeiffer and Daniels as witnesses for appellee and in detail gave his version of his transactions with them. Their testimony was therefore also admis *597 sible in explanation and ■ contradiction of appellant’s own testimony.
'We are further of the view that the admission of the testimony of these two witnesses did not constitute harmful error because of the clear charges Numbers 9 and 10 given by the- court which left no doubt that Pfeiffer and Daniels were merely agents with power only to take applications for insurance and forward them for approval or disapproval to the underwriter and that neither of these gentlemen was in fact an underwriter. It was also made •clear by the trial .judge in these charges that the declination or refusal to issue insurance by one who is only such an agent, does not amount to a refusal of an underwriter.
We have decided to recede from our former opinion and judgment and affirm the judgment from which this appeal was prosecuted.
Affirmed.
TERRELL, THOMAS and SEBRING, JJ., and HOCKER, Associate Justice, concur.
ROBERTS and MATHEWS, JJ., dissent.