PEARSON, Judge.
The plaintiff in an action appeals from a final judgment based upon an adverse jury verdict and assigns as error certain charges given by the court. The defendant-appellee is an insurance company and was defending an action by the plaintiff as beneficiary under one of its policies. The plaintiff claimed double indemnity benefits on the policy issued upon her husband’s life, which provided as follows:
*275 “Accidental Means Death Benefit— The Company promises to pay to the Beneficiary under this Policy, in addition to the amount otherwise payable according to the terms of this Policy, an additional sum equal to the Amount of Insurance shown on page 1, upon receipt at the Home Office of due proof of the death of the Insured, while this provision is in effect, as the result, directly and independently of all other causes, of bodily injuries caused solely by external, violent, and accidental means, and that such death shall not have occurred (a) more than 90 days after the date of such injuries, or (b) as the result of or by the contribution of disease or bodily or mental infirmity or medical or surgical treatment therefor or infection of any nature unless such infection is incurred through an external visible wound sustained through violent and accidental means, or (c) as the result of self-destruction, whether sane or insane, or (d) as the result of travel or flight on any species of aircraft except as a fare-paying passenger on a regularly scheduled passenger flight of a commercial aircraft, or (e) as a result of participating in or attempting to commit an assault, or (f) while the Insured is in the military, naval, or air forces of any country at war.”
The decedent was found dead in a room where he lived alone. He was clothed only in his shorts and lying on his back in a large pool of blood. There was a small cut at the base of his skull. Also there were several liquor bottles in the room and some broken glass on the floor.
The doctor who performed an autopsy on the body of the deceased, prepared a report showing “cause of death” as “Laceration of the scalp and skin with hemorrhage and shock. Contributory alcoholism.” He first issued a death certificate wherein the disease or condition directly leading to death was listed as “Heart Failure”. Subsequently after the widow talked with the doctor, another death certificate was issued, which listed the disease or condition directly leading to death as “hemorrhage” due to “laceration of the scalp”. He explained the difference in the first and second death certificates by the fact that when the autopsy was finished there was no information about how much blood was lost. A doctor attached to the Criminal Bureau of Investigation of Dade County, who washed the body at the hospital, testified that the only indication of bodily injury was a small laceration at the back of the head and the amount of blood lost.
It is not the function of this court to determine the cause of death. Such a determination is for the jury under proper instructions from the trial judge. See Potts v. Mulligan, 141 Fla. 685, 193 So. 767; 25 C.J.S. Death § 89 b. A review of the record reveals that it contained sufficient evidence to sustain a finding for either the plaintiff or the defendant. The determinative question is whether the trial judge erred in giving, over the timely objection of the plaintiff, the following instructions requested by the defendant:
“Gentlemen of the jury, you are instructed that the plaintiff in this case alleges in her complaint that the defendant, Metropolitan Life Insurance Company, issued one policy of insurance in the amount of $1,000.00, face value, which policy contains provisions for the payment of an additional $1,000.00 in the event that Willis E. Kimbro met his death as the result, directly and independently of all other causes of bodily injury caused solely by external, violent, and accidental means, provided, among other things, that death shall not have been the result of self-destruction whether sane or insane or as the result of or by the contribution of disease or bodily or mental infirmity.
“The plaintiff further alleges that Willis E. Kimbro’s death was the proximate result óf a hemorrhage from á laceration of the scalp suffered in a fall *276 and that he died as the result of bodily injuries sustained solely through external, violent and accidental means as defined in the policy.
“The defendant, Metropolitan Life Insurance Company, has denied this allegation. It is admitted by the plaintiff that the face amount of the policy has been paid, and the claim in this case is confined to what is commonly known as the double indemnity claim.
“Under the policy involved in this case, no liability for double indemnity is imposed upon the defendant for a death resulting from external, accidental means unless it is shown that the death comes within all the provisions of the policy, that is to say, unless it is also shown that the injuries were not caused or contributed to by bodily or mental infirmity or disease, nor by suicide nor by the other causes excepted in the policy.
“The law does not require the defendant insurance company to show that injuries resulting in death did not occur by violent, external and accidental means exclusive of all other causes, nor does the law require the insurance company to show that death was caused or contributed to by disease or that it was suicidal or that it resulted from any of the other causes excluded or excepted by the policy provisions; rather, the burden of proof is upon the plaintiff to show by a preponderance of the evidence, that is to say, the greater weight of the evidence, that the death of the insured was caused by external and accidental means, and that it was not caused or contributed to by infirmity or disease, that is, the plaintiff has the duty of proving by a preponderance of the evidence that disease or infirmity or suicide or the other causes enumerated in the policy were not a contributing factor or factors.
“The burden which the law imposes upon the plaintiff cannot be met by speculation or conjecture. Mere guesses do not take the place of proof.
“If the plaintiff relies upon circumstantial evidence, the evidence of facts and circumstances on which she relies must so preponderate in favor of the proposition she is seeking to establish, as to exclude any equally well supported belief in any inconsistent proposition. ‡ % sK
“You are also instructed that the defendant insurance company and the insured, Willis E. Kimbro, had the right to limit the company’s liability under the double indemnity clauses, as was done in this case, and neither the court nor the jury has the right to change the contracts, but must give effect to them as they are written. * * *
“Unless you find by a preponderance of the evidence that Willis E. Kimbro died as the result of bodily injuries effected solely through external, violent and accidental means, and that it was not caused or contributed to by disease or infirmity, and that it did not result from suicide, nor from the other causes contained in the double indemnity provisions, your verdict must be for the defendant insurance company, * * *
“The Court further instructs you that, if you believe from the evidence, that the injury sustained by Willis E. Kimbro resulted from a fall or was self-inflicted because he was suffering at that time from disease or bodily or mental infirmity, then it is your duty to find in favor of the defendant. * * *
“Gentlemen of the jury, you are further instructed that it is immaterial whether the immediate proximate cause of the insured’s death was brought on by a hemorrhage from a laceration of the scalp suffered in a fall.
“The issue to be decided by you is whether death resulted solely from violent, external and accidental means ex- *277 elusive of all other causes, as distinguished from a death caused by or contributed to directly or indirectly by alcoholism, fatty metamorphosis of the liver, chordoma, coronary arteriosclerosis, heart trouble or any other illness or infirmity, and you are instructed that unless you find from a preponderance of the evidence that the insured’s death did not result, directly or indirectly, from illness or infirmity or from the other causes enumerated in the policy, your verdict must be for the defendant.* * *
“You are further instructed that the mere fact that the insured may have suffered an injury resulting in death is not proof that death resulted from external and accidental means exclusive of all other causes as defined in the policy involved in this case, nor is it sufficient for the plaintiff to establish a causal connection between an unexpected injury and the insured’s death.
“She must go further and establish by a preponderance of the evidence that the fatal injury was caused solely by violent, external and accidental means, and that it was not caused or contributed to by disease, suicide or other causes contained in the double indemnity provisions of the policy * *
It is apparent that these charges placed upon the plaintiff the burden of negating by proof each exception to liability for double indemnity included in the policy. In other words, the effect of the court’s charge was that in order to prove her case the plaintiff, beneficiary must have established to the satisfaction of the jury and by a preponderance of the evidence that the death of the deceased was not “caused by or contributed to directly or indirectly by (1) alcoholism, (2) fatty metamorphosis of the liver, (3) chor-doma, (4) coronary arteriosclerosis, (5) heart trouble, (6) or any other illness or infirmity, * * *, (7) or from the other causes eumerated in the policy.” In the quoted portion of the charge the possibility of suicide is pointed out to the jury on several occasions. The recurrent suggestion must necessarily have impressed the jury with the court’s apparent conviction that whether or not the deceased had committed suicide was an important issue for them to decide. Upon the other hand the record is entirely without allegation or evidence on such an issue. The only logical conclusion for the jury was that because the possibility of suicide was an important issue and no evidence to disprove the possibility of death by suicide was introduced, the plaintiff must therefore lose her case.
It is fundamental that it is error for the court to instruct the jury upon an issue not presented by the evidence. The judgment must be reversed and the cause remanded for a new trial upon this ground.
Because a new trial is required we consider in addition one other aspect of the instructions quoted. It is appellant’s contention that the challenged instructions were improper because they required the plaintiff to negate by affirmative evidence every possible exception to liability. It is certainly true, that an insurance company has the right to limit its liability as was done in this case. It is also true that neither the court nor the jury may alter the terms of the contract in a law suit for damages upon the breach of the contract. But it does not follow that the parties to a private contract may alter the rules of evidence. See 20 Am.Jur., Evidence, § 15 and cases therein. Cf. Broward v. Sledge, 58 Fla. 414, 50 So. 831. It follows that the parties to a contract may not by the terms of their contract change the burden of going forward with the evidence from that imposed by the rules of evidence. In an action upon an insurance policy the plaintiff must establish a prima facie case bringing himself within the terms of the contract. Cf. Anderson v. New York Life Ins. Co., 140 Fla. 198, 191 So. 307. The burden then shifts to the defendant to go forward with the evidence. See 46 C.J.S. Insurance § 1319, p. 445. The orderly development of the evidence upon the issues *278 made by the pleadings may not be altered by a contract requirement that the plaintiff, policy holder, must not only bring himself within the terms of the contract but must also assume the burden of disproving every possible defense. Cf. Fire Ass’n of Philadelphia v. Evansville Brewing Ass’n, 73 Fla. 904, 75 So. 196; Mason v. Life & Casualty Ins. Co. of Tennessee, Fla.1949, 41 So.2d 153.
Reversed and remanded for a new trial.
CARROLL, CHAS., C. J., and HORTON, J., concur.