CARROLL, Judge.
The plaintiff below has appealed from a judgment entered on a directed verdict for the defendant. In a prior action against the insured for personal injuries, in which he was defended by the insurance company’s attorneys, a judgment was obtained for $5,000 plus certain costs. The insurer company then disclaimed liability, and this suit was filed on the policy. The complaint contained a general allegation of compliance with conditions precedent, one of which was co-operation with the insurer.[1] Rule 1.9(c), F.R.C.P., 30 F.S.A., authorizes a general allegation of performance of conditions precedent, and provides that denials of performance thereof shall be made specifically.[2] The defendant insurer interposed only a general denial to the allegation of performance of conditions precedent.[3] Further in its answer the defendant averred non-co-operation as an affirmative defense.[4]
*763 On trial before a jury plaintiff rested after showing the policy and judgment. Defendant’s motion for directed verdict was then granted by the trial judge on the grounds that the plaintiff had not shown a prima facie case, holding plaintiff had the burden to prove the co-operation. In so ruling the learned trial judge was in error. The defendant had not, in response to the plaintiff’s allegation of performance of conditions precedent, denied the co-operation condition “specifically and with particularity.” The appellee’s reliance on an Author’s Comment to the rule in question, to the effect that a specific denial of an allegation of pérformance of a condition precedent forces plaintiff to prove it, was misplaced. This is so because specific denial, on which the author’s comment was based, was not made here and the averment on the subject in the answer was not in response to the general allegation of performance of conditions precedent, but to other allegations of the complaint and the averment of non-co-operation was an affirmative defense. In United States Fidelity & Guaranty Co. v. Snite, 106 Fla. 702, 143 So. 615, at 616, the Supreme Court of Florida held that on such a defense the defendant insurance company has the burden of proof, saying:
“The question of whether or not Nicholas Scocos violated the condition of the liability policy above referred to in such manner as to relieve the surety company of liability on its policy became a question of fact for the jury to determine, the burden of proof being on the surety company to show that such condition of the policy had been so violated. See Taxicab Motor Co. v. Pacific Coast Casualty Co., etc., 73 Wash. 631, 132 P. 393; United States Fidelity & Guaranty Co. v. Williams, 148 Md. 289, 129 A. 660; United States Casualty Co. v. Drew (C.C.A.), 5 F.2d 498.”
The plaintiff met its burden to show a prima facie case. It was not required to disprove the affirmative defense averred by the defendant. United States Fidelity & Guaranty Co. v. Snite, supra; Kimbro v. Metropolitan Life Insurance Company, Fla.App.1959, 112 So.2d 274, 277-278. We therefore hold that on this record the appellant is entitled to a new trial.
Accordingly, the judgment appealed from is reversed and the cause remanded for new trial.
Reversed and remanded.

. Paragraph 2 of the complaint reads: “2. The plaintiff paid to the defendant the premium required to be paid under the said contract of insurance and performed all of the matters and things required under the said contract of insurance to be performed by the plaintiff.”

. “In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.”

. The answer directed to paragraph 2 of the complaint was: “2. It [defendant] denies eaeli fact alleged in Paragraph 2, except it admits that the plaintiff paid the premiums.”

.Paragraph 6 of the complaint alleged that the insurer, through its attorneys, had defended the personal injury action and handled an appeal from the adverse judgment. In answer thereto the defendant averred: “6. It [defendant] admits each fact alleged in Paragraph 6, but avers that the defense of the action was continued through trial upon a reservation of rights notice served upon the assured due to his failure to attend the trial as requested, and as required by the policy, even though the assured had *763 been notified of the trial and W. J. Kiely & Co., Inc., acting through its President, W. J. Kiely had promised to be present. The'prosecution of the appeal was under said reservation of rights after notice to W. J. Kiely & Co., Inc. and W. J. Kiely in an effort to protect the assured from the consequences of Ms own failure to attend the trial.”