HENDRY, Chief Judge.
This is an appeal by appellant/defendant from an adverse judgment rendered pursuant to a jury verdict on a claim for breach of contract.
Appellee/plaintiff brought suit for damages allegedly resulting from the failure of appellant to close on a loan that it had, by written contract, agreed to make to appel-lee. The amended complaint generally alleged that appellee had performed all conditions precedent to the contract, attaching that document to the complaint.
After an unsuccessful motion to dismiss, appellant answered by generally denying all material allegations and by raising certain affirmative defenses which were based on the defense of statute of limitations. Appellant neither affirmatively nor specifically alleged that appellee had failed to comply with any conditions precedent to the enforcement of the written contract. Appellant subsequently moved for summary judgment, which was granted. Finding genuine issues of material fact, we reversed that judgment. See Southern Pine Isle Corp. v. Capital National Bank, 324 So.2d 112 (Fla.3d DCA 1975).
The cause proceeded to trial on two counts, to-wit: fraud and breach of contract. Prior to the commencement of the trial, counsel for appellant indicated that he would attempt to prove at trial that appel-lee had failed to perform certain conditions precedent. Pursuant to a pre-trial conference, the trial judge instructed counsel that the performance or failure of conditions precedent was not raised by the pleadings and was, therefore, not a triable issue.
*602 The claim was tried before a jury on the breach of contract count, the fraud claim having been waived by counsel prior to trial. At the close of all the evidence, appellant unsuccessfully moved for a directed verdict on the ground that appellee had failed to establish its own performance of the contract sued upon. The cause was thereupon given to the jury, which returned a verdict for damages in favor of appellee. This appeal follows.
Appellant has raised three issues on appeal. The first two issues claim error on the part of the trial judge in both failing to grant appellant’s motion to dismiss the complaint for failure to state a cause of action and failing to grant appellant’s motion for directed verdict. It is our opinion, however, that no such errors were committed. Firstly, the complaint clearly stated a cause of action for breach of contract, precluding dismissal. See generally 25 FlaJur. Pleadings, § 55 (1959) and cases cited therein. Secondly, in accepting as true all evidence and reasonable inferences therefrom in favor of appellee, there was substantial competent evidence to support a verdict for appellee. Memorial Park, Inc. v. Spinelli, 342 So.2d 829 (Fla.2d DCA 1977).
Appellant lastly contends that the trial judge erred in misapplying the applicable rules of civil procedure in prohibiting it from presenting evidence and argument on the issue of nonperformance by appellee of essential conditions precedent to the contract sued upon. We must disagree. Fla.R. Civ.P. 1.120(c) states as follows:
“(c) Conditions Precedent. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.” [Emphasis added.]
In response to appellee’s amended complaint, which generally alleged performance of all conditions precedent to the contract, appellee answered by generally denying all pertinent allegations of the complaint and by pleading certain affirmative defenses, not directed to any specific “failures” of conditions precedent. While such pleadings may not have shifted the burden from ap-pellee to present prima facie proof of the performances of said conditions precedent, it did foreclose appellant from subsequently raising the issue of failure of specific conditions precedent at trial. See United Bonding Insurance Company v. Dura-Stress, Inc., 243 So.2d 244 (Fla.2d DCA 1971); Fidelity & Casualty Company of New York v. Tiedtke, 207 So.2d 40 (Fla.4th DCA 1968), reversed on other grounds at 222 So.2d 206 (Fla.1969); W. J. Kiely & Co. v. Bituminous Casualty Corporation, 145 So.2d 762 (Fla.3d DCA 1962); Trawick’s Florida Practice and Procedure, Pleadings, § 6-20 (1977).
Accordingly, after carefully reviewing the record, all points in the briefs and arguments of counsel, it is our opinion that the final judgment must be, and is hereby, affirmed.
Affirmed.