PER CURIAM.
We affirm the summary judgment finding no coverage on a liability insurance policy issued by appellee.
There are two issues for consideration, the first being whether appellee can be held liable under a liability policy issued by it notwithstanding the absence of a coverage provision extending protection to “members” of Redhead Sportsman Club, Inc. (Redhead), the named insured, because of the failure of appellee’s agent to procure a policy containing coverage provisions in accordance with instructions given to appel-lee’s agent by Redhead. Appellant urges that the facts in evidence are sufficient to create a genuine issue on this point, precluding summary judgment. We entertain some doubt whether the trial court even reached this issue, and we are persuaded by representations of counsel at oral argument, and by the record, that this issue has not been resolved by the trial court’s summary judgment.
Instead, the trial court’s order and appel-lee's brief in support of the trial court’s ruling indicate that the summary judgment must be upheld, if at all, upon a finding that Robert E. Lewis, who is alleged to have accidentally shot and killed appellant Bobbie Jean Gilman’s husband, was not a “member” of Redhead, and therefore was not within the protective coverage of the policy issued by appellee even assuming appellee should be held liable for insurance protection in behalf of club members.
We find insufficient conflict in the evidence on the “membership” issue to preclude summary judgment. It is clear that Lewis possessed certain of the indicia of membership, including the possession of a membership card. In addition, he held membership in NRA (a qualification for club membership), had signed a form releasing the owner of the club’s leased property from liability, and had full access to the club’s leased premises for hunting and fishing.
On the other hand, Lewis testified unequivocally that he was not a member, as did the club’s president. Further, Lewis’ possession of a membership card was explained by him, and confirmed by the club’s president, as solely for identification purposes and for the purpose of giving him a number for use in the game harvesting procedures of the club, which he carried out as a part of the “game warden” and security patrol services he performed for the club. Also introduced into evidence as an exhibit to the club president’s deposition was a club membership list, which did not contain Lewis’ name.
In an action on an insurance policy, the plaintiff must establish a prima facie case bringing himself within the terms of the contract, and the burden then shifts to the defendant to go forward with evidence. Kimbro v. Metropolitan Life Insurance Company, 112 So.2d 274 (Fla. 3rd DCA 1959), cert. denied, 116 So.2d 240 (Fla.1959); Phoenix Insurance Company v. Branch, 234 So.2d 396 (Fla. 4th DCA 1970). Though faced with direct evidence of non-membership status, appellant failed to come forward with evidence sufficient to refute that status or to create a genuine issue for resolution by the trier of fact.
The final summary judgment appealed is therefore,
AFFIRMED.
SMITH, C.J., and JOANOS and BARFIELD, JJ., concur.