(No. 27987.—

HENRY C. KAMIENSKI, Defendant in Error, *vs.* BLUEBIRD
AIR SERVICE, INC., Plaintiff in Error.

*Opinion filed January 17, 1945—Rehearing denied March 19, 1945.*

EKERN, MEYERS & MATHIAS, and SEARS, O'BRIEN &
STREIT, (BARNABAS F. SEARS, DONALD L. THOMPSON, and
WILLIAM G. CHORN, of counsel,) all of Chicago, for plain-
tiff in error.

ADAMS, MOSES & CULVER, of Chicago, for defendant
in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant, Bluebird Air Service, Inc., has sued out of this court a writ of error to review the judgment of the Appellate Court, First District, which affirmed a judgment rendered against it in an airplane accident. A motion has been filed by the plaintiff, Kamienski, to dismiss the writ of error for want of a right in defendant to have a review of the case by that means. Defendant contends that the action of the Appellate Court in affirming the judgment of the trial court deprived defendant of due process of law and violated the constitutional provision which vests only appellate jurisdiction in the Appellate Court.

The complaint in the trial court consisted of two counts, the first of which charged negligent operation of the plane by the pilot, and the second alleged violation of certain rules and regulations of the Civil Aeronautics Authority of the Department of Commerce of the United States relative to testing the engine prior to the takeoff, and also alleged the failure to observe certain local field traffic rules.

At the close of plaintiff's evidence, the trial court overruled defendant's motion for a directed verdict on count one and sustained that motion as to count two and dismissed that count. A trial was had and a verdict rendered, and, as a result of the proceedings, judgment in the sum of $3300 was entered.

On the trial of the cause, though the plaintiff introduced no evidence tending to support the second count, and although that count was dismissed at the close of plaintiff's case, defendant, nevertheless, introduced substantial evidence tending to establish that it had complied with the Federal regulations with reference to the use of airplanes.

The Appellate Court, on review, considered the entire evidence before the trial court and affirmed the judgment. Defendant says that in doing this it exercised original

jurisdiction since the second count was dismissed, and the complaint is made that the Appellate Court in its opinion stated that by reason of the evidence offered by the defendant, it considered that the second count had been reinstated. Defendant also says that as judgment was entered on count one and no cross errors were assigned from the order dismissing count two, the Appellate Court was limited in its jurisdiction to review the record to determine the correctness of the judgment as based on count one.

On an appeal to the Appellate Court, that court has jurisdiction to review the record before it and determine whether the judgment was justified. In this case, the Appellate Court did review that judgment and entered an affirmance on the record made. While the Appellate Court in its opinion stated reasons which influenced it in its judgment of affirmance, the judgment entered was one affirming the judgment of the trial court and it is that judgment, and not the reasons assigned in the opinion, that is subject to review by this court. (*Pelouze* v. *Slaughter,* 241 Ill. 215; *Chicago, Burlington and Quincy Railroad Co.* v. *Haselwood,* 194 Ill. 69; *Pennsylvania Co.* v. *Keane,* 143 Ill. 172.) Defendant's contention here is based upon language used by the Appellate Court and not upon its judgment.

As the Appellate Court had jurisdiction to review the judgment entered in this case, and this without regard to what evidence was or was not offered, or what counts were or were not sustained, its action in that regard does not raise a constitutional question. If the Appellate Court found that the only count in the complaint was not sustained by the evidence, yet affirmed the judgment, such might be assigned as error, but such a holding does not raise a constitutional question for the first time in the Appellate Court.

It is urged here that though plaintiff in error has not the right to a writ of error, his writ should be treated as

a petition for leave to appeal, since the record was filed within forty days from the date on which the judgment of the Appellate Court became final. Counsel cite Rule 28 of this court, which provides that if a writ of error be improvidently sued out in a case where the proper method of review is by appeal but the issues of the case sufficiently appear upon the record, the case should be considered as if the proper method of review had been employed.

Counsel for plaintiff in error cite *Merlo* v. *Public Service Co.* 381 Ill. 300, in support of his contention. That case is to be distinguished from this in that there the court had allowed an appeal on petition therefor of another defendant, and the statement was made that the court would treat the case as if the proper method had been employed by both defendants. This is not to be construed as authority for the position taken by counsel here, since the record was already before the court on leave to appeal granted.

The purpose of rule 28 is to permit review of a cause where the parties have a right to one or the other method. It is not designed to circumvent the provisions of the statute requiring the filing of a petition for leave to appeal, nor should it be so construed. In the case before us plaintiff in error did not have a right to appeal if its writ of error was deemed improvidently sued out. There was still reserved to this court the right to determine whether it would review the record after considering a petition for leave to appeal.

It follows, therefore, that the motion of the plaintiff, defendant in error here, to dismiss the writ of error, should be sustained.

*Writ of error dismissed.*