MAX KASANOF, as Administrator of the Estate of Albert Bert Kasanof, deceased, v. EMBRY-RIDDLE COMPANY.

26 So. (2nd) 889                                        June Term, 1946
July 2, 1946                                                    En Banc

678

*Marx M. Feinberg,* for appellant.

*McKay, Dixon & DeJarnette,* for appellee.

CHAPMAN, C. J.:

Pertinent allegations of Count One of plaintiff's amended declaration are viz:

"That on or about October 10, 1942, Albert Bert Kasanof was enrolled in the Civilian Pilots Training Program, under which program the defendant, Embry-Riddle Company, had a contract with the United States Government for the purpose of training undergraduate collegiates as prospective pilots in the United States Army Air Corps; that Albert Bert Kasanof enrolled for such training course prior to October 10, 1942, and pledged himself to join the United States Army Air Corps if accepted upon the successful completion of his course; that the instructions under the course were given at the University of Miami in the City of Coral Gables, Florida, and pursuant to same, the ground training and air instructions were given by licensed instructors under the employ of Embry-Riddle Company, the defendant. Plaintiff says that the defendant, Embry-Riddle Company, owed a duty to said Albert Bert Kasanof to furnish a safe place to work together with aeroplanes which were in a safe condition in which the said Albert Bert Kasanof was to receive his instructions for piloting; that the said Embry-Riddle Company breached its said duty as above alleged in that on or about October 10, 1942, they negligently and carelessly furnished the said Albert Bert Kasanof and his instructor, Mary H. Brooks, with an unsafe aeroplane, by reason of which as a direct and proximate result of which, the said Albert Bert Kasanof, together with his instructor, Mary H. Brooks, took off in said aeroplane and that at approximately 8:45 A. M. on October 10, 1942, the said aeroplane while flying in an orderly manner, suffered the loss of

its left wing and crashed, thereby instantly killing both Albert Bert Kasanof and his instructor, Mary H. Brooks, as a direct and proximate result of defendant's negligence.

"That said Albert Bert Kasanof was a youth of twenty-one years of age, above the average mental capacity, and lead a clean and useful life, not addicted to the use of alcohol or tobacco and was in exceptionally good health, having been accepted by the Civilian Pilots Training Corps, as a prospective pilot for the United States Army Air Corps and had a long life expectancy, and the plaintiff herein, having been duly appointed as Administrator of the Estate of said Albert Bert Kasanof, deceased, is entitled to recover the value of the prospective earnings and savings that could have reasonably been expected, but for the death of the decedent.

"WHEREFORE, plaintiff sues the defendant and claims damages in the sum of $100,000.00."

The amended declaration consisted of three Counts and the trial court entered a final judgment or demurrer for defendant below and plaintiff appealed. The following grounds of the defendant's demurrer were directed to each of the three Counts severally: (1) the amended declaration fails to state a cause of action; (2) actionable negligence is not alleged; (3) the duty charged to be due the decedent by defendant is not sustained by the applicable law; (4) the allegations made the defendant an insurer of deceased's safety; (5) the allegations are the conclusions of the pleader; (6) it is not alleged wherein the plane was defective; (7) the alleged claim is barred by the statute of limitations.

It is established law that a declaration need not set out specific facts constituting negligence but allegations of sufficient acts or omissions causing injury, coupled with averments that they were negligently done or omitted, will be sufficient. See American Dist. Electric Protective Co. v. Seaboard Air Line R. Co., 129 Fla. 518, 177 So. 294. A declaration based on a charge of simple negligence is sufficient if it alleges an act or omission causing the injury and further alleges that such act or omission was negligently done or omitted to be done. Jackson v. Edwards, 144 Fla. 187, 197 So. 833; Dunn

Bus Service, Inc. v. Wise, 140 Fla. 341, 191 So. 509; Potts v. Mulligan, 141 Fla. 685, 193 So. 767.

Section 330.02, Fla. Stats. 1941 (FSA) provides that, the public safety requires and the advantages of uniform regulation makes it desirable in the interest of aeronautical progress that aircraft operating within this State (Florida) should conform with respect to design, construction, and airworthiness to the standards prescribed by the United States government with respect to navigation of civil aircraft subject to its jurisdiction, it is unlawful for any person to navigate an aircraft within the State unless such aircraft has an appropriate, effective license issued by the department of commerce . . .

The applicable Federal law is Subsection (c) of Section 553, 49 U.S.C.A. pages 245-6, and is viz:

"(c) The registered owner of any aircraft may file with the Administrator of Civil Aeronautics an application for an airworthiness certificate for such aircraft. If the Administrator of Civil Aeronautics finds that the aircraft conforms to the type certificate therefor, and, after inspection, that the aircraft is in condition for safe operation, it shall issue an airworthiness certificate. The Board may prescribe in such certificate the duration of such certificate, the type of service for which the aircraft may be used, and such other terms, conditions, and limitations as are required in the interest of safety. Each such certificate shall be registered by the Administrator of Civil Aeronautics and shall set forth such information as the Board may deem advisable. The certificate number, or such other individual designation as may be required by the Board, shall be displayed upon each aircraft in accordance with regulations prescribed by the Board."

The case of Peavey v. City of Miami, 146 Fla. 629, 1 So. (2nd) 614, was an aviation case and of first impression here. We in part said (text 146 Fla. 640-1) :

"This being a case of first impression in this State, we must determine what degree of care an aviator is required to exercise in the operation of his craft. Looking to the general law, we find the authorities are unanimous in the following view: 'In the absence of statutes covering the operation and man-

agement of airplanes at the time and place of an accident, specifically applicable to the issue of negligence in the operation thereof, the rules of law applicable to torts—the ordinary rules of negligence and due care—obtain. Thus, the rule of the common law that every person shall use ordinary care not to injure another, that is, such are as the great mass of mankind would use under the same or similar circumstances or such care as the ordinarily prudent person would use under the same or similar circumstances, applies. An aviator is under no duty to use the highest degree of care that men of reasonable diligence or foresight ordinarily exercise in the operation of airplanes, but is bound only to use ordinary care, although here, as in any other case, ordinary care differs under the circumstances. The care must be commensurate with dangerous consequences to be reasonably apprehended; it may be a very high degree under some circumstances and of a slight degree under others.' 6 Am. Jr. 16, Aviation, Sec. 23. See also Parker v. James E. Granger, Inc., 4 Cal. (2nd) 668, 52 Pac. (2nd) 226; 6 Am. Jur. 19, Aviation, Sec. 28, 2. C.J.S. 907, Aerial Navigation, Sec. 19, and cases cited therein."

It appears that a contract existed between the Embry-Riddle Company and the Federal Government, by the terms of which the appellee trained at the University of Miami regularly enrolled students for the Army Air Corps. The flight instructors were licensed pilots. On October 10, 1942, the student, Albert Bert Kasanof, undertook a flight in the appellee's plane under the supervision and direction of appellee's regularly employed instructor and licensed pilot, Mary H. Brooks. Therefore the student, on the aforesaid date and occasion, was lawfully upon the plane of the defendant below. The degree of care owing to the deceased student by the defendant on October 10, 1942, is stated in 6 Am. Jur. 36, par. 62, viz:

"Sec. 62. Degree of Care Owing to Passenger.—In accordance with the rule applying generally to common carriers of passengers for hire, it is the duty of a common carrier by aircraft to exercise with respect to passengers the highest degree of care consistent with the practical operation of the plane. It must use such degree of care not only with respect

to the operation of the plane, but also with respect to its equipment, its maintenance and the adjustment of all its parts. The duty and degree of care required of a common carrier of passengers by airplane towards a passenger carried gratuitously is the same as that required towards passengers for compensation. Therefore, if one is lawfully a passenger, it is not material whether he did or did not pay his fare.

"The law does not require airplane companies to exercise all the care, skill, and diligence of which the human mind can conceive, nor such as will free the transportation of passengers from all possible perils. In determining whether or not an airplane carrier of passengers, acting through its pilot, exercised the highest degree of care, the agency which was being employed must be kept in mind."

The case of Weadock v. Eagle Indemnity Co., (La. Ct. App.), 15 So. (2nd) 132, involved the negligence of a flight instructor. The student sustained personal injuries alleged to have been caused by the negligence of the flying school instructor. A verdict and judgment in behalf of the student for the negligence of the instructor was sustained by the Louisiana Court of Appeal on the relation of master and servant. Count One of the declaration in the case at bar fails to allege the relation of carrier and passenger or that the relation of master and servant existed between the deceased student and Embry-Riddle Company when the plane crashed on October 10, 1942.

Count One of the amended declaration alleged that the United States Army Air Corps had approved a program or course of study whereby civilians possessing certain educational qualifications could enroll and receive instructions with a view of becoming licensed pilots. The course of study as approved and prescribed was given, in part, by the University of Miami, while certain ground training and air instructions required of enrolled students were given by the Embry-Riddle Company. The students accepted pledged themselves to join the United States Army Air Corps upon completion of the general course of instruction. Albert Bert Kasanof, plaintiff's decedent, enrolled as a civilian student and when on a flight in defendant's plane receiving flying instructions through de-

fendant's instructor on October 10, 1942, met with an accident, which resulted in his death.

The student, while on a flight in the air in a plane furnished by the defendant under the supervision and directions of its licensed instructor, Mary H. Brooks, and while receiving air instructions was killed by a fall and crash of the plane in which he was then riding and being instructed. It was further alleged that it was the duty of the defendant to furnish the student a safe place to work, together with aeroplanes which were in safe condition in which to ride when receiving his instructions. The defendant, it was alleged, breached its duty by negligently and carelessly furnishing an unsafe aeroplane to plaintiff's decedent and his instructor, as a direct and proximate result—at a time when the plane was being driven in an orderly manner—a wing thereof was lost and the plane crashed, instantly killing Albert Bert Kasanof, all of which was the proximate cause of defendant's negligence. See Boulineaux v. City of Knoxville, 20 Tenn. Ct. App. 404, 99 S.W. (2nd) 557; Strong v. Chronicle Pub. Co., 34 Cal. Dist. Ct. App. (2nd) 335, 93 Pac. (2nd) 469; Birckhead v. Sammon, 171 Md. Ct. App. 178, 189 Atl. 265; Cohn v. United Air Lines Transport Corp., Dist Ct. Wyo. 17 Fed. Supp. 865; Finera v. Thomas, 119 Fed. (2nd) 28; 2 C.J.S. 899-911; Hotchkiss on the Law of Aviation (2nd), Chapter 5, pages 43-49; 6 Am. Jur. 35-41, pars. 60-73.

Sections 768.01 and 768.02, Fla. Stats. 1941 (FSA), grant a right to recover in certain enumerated actions, which right of recovery did not exist at the common law. It is required by the statute and our decisions that an administrator must allege in each count of the declaration, in order to state a cause of action, that the administrator's decedent left no husband or wife and no minor child, and no other person dependent on the decedent for support. See Benoit v. Miami Beach Electric Co., 85 Fla. 396, 96 So. 158; Florida East Coast Ry. Co. v. Hayes, 67 Fla. 101, 64 So. 504, 7 A.L.R. 1310.

The judgment appealed from is affirmed but so modified as to permit the filing in the lower court of an amended declaration by the appellant.

It is so ordered.

TERRELL, BROWN and THOMAS, JJ., concur.
BUFORD, ADAMS and SEBRING, JJ., dissent.