**EASTERN AIR LINES, INC., Appellant,**

v.

**Joan A. SILBER and William Silber, her husband, Appellees.**

**No. 20116.**

United States Court of Appeals
Fifth Circuit.

Nov. 6, 1963.

A. Lee Bradford, A. H. Toothman and Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, Fla., for appellant.

J. Arthur Hawkesworth, Jr., Miami, Fla., for appellees.

Before TUTTLE, Chief Judge, and BROWN and BELL, Circuit Judges.

TUTTLE, Chief Judge.

██ This is an appeal from a judgment of the trial court based on a jury verdict giving damages to the appellees for injuries suffered by the wife during the operation of a flight of appellant's aircraft. The jury was fully warranted to find that during a flight of the airplane, while in view of a storm at a distance estimated by the pilot at not less than five miles, it reacted suddenly and violently to air turbulence causing Mrs. Silber to be thrown from her seat, resulting in injury to her back. At the time of the occurrence it is undisputed that no signal had been given to the passengers to fasten their seat belts, the aircraft's radar was not operating, although appellant's witnesses testified that distance from a storm could be more accurately gauged by the use of radar, and also that estimates of distance from a storm were, in effect, unreliable when made based on visual means alone. Without attempting to recite the evidence more fully, we conclude that there was sufficient evidence to warrant submission of the case to the jury as to appellant's negligence.

██ The only substantial point raised by appellant on this appeal is one paragraph of the charge to the jury dealing with the measure of care owed by the carrier. Since this paragraph must be considered in light of the remaining instructions touching on the same subject matter, we quote here the entire charge of the court dealing with the standard of care:

"I charge you that merely because a person suffers an injury while flying as a passenger on a scheduled flight does not in and of itself create any liability on the part of the carrier. A common carrier of passengers such as an airline is required to exercise with respect to its passengers the highest degree of care consistent with practical operation of the conveyance. It must use such degree of care, not only with respect to the operation of the conveyance, but also with respect to its equipment, its maintenance and the adjustment of all of its parts. However, a common carrier is not required to guarantee the safety of its passengers against all injuries, but only those which the exercise of the highest degree of care could have averted.

"Furthermore, a passenger on a common carrier is required to exercise reasonable care for his or her own safety and is chargeable with knowledge of conditions which his or her senses record.

"While the defendant owes a high degree of care, in this case you must judge its conduct by the circumstances. The more likelihood of danger requires greater care. The less likelihood of danger requires less care. So as to each case of this kind, you must judge the conduct of the defendant as to what would have been reasonable action under the circumstances in view of the high degree of care with which they are charged.

"A passenger on an airplane accepts as his responsibility certain conditions. It is well known that an airplane does not travel on a

fixed rigid path. There are necessarily variations in the line of flight over which the airline and its employees have no control. If you find that the airline knew or should have known of the likelihood of turbulence at the time and place of the incident described by the witnesses in this case, then the defendant or its employees would be obligated to warn the passengers if they had sufficient time to do so, after they knew or should have known of turbulence likely to affect the flight of the ship.

"On the other hand, if the defendant's employees operating the plane had no knowledge of any turbulence likely to affect the flight of the ship, by the exercise of reasonable care on their part, then there would be no liability for injuries suffered by passengers because of the defendant's failure to warn them of unexpected air turbulence.

"It is common knowledge that airplanes have not yet achieved the constant stability in flight so that the pilot can maintain an even, steady flight on a direct plane, and this is known or should be known to passengers. Air turbulence in this case has without contradiction been referred to as clear air turbulence. There can be no liability on the part of the defendant to either plaintiff unless the pilot and co-pilot of this plane knew or should have known of the clear air turbulence to have avoided it or to have warned the passengers so that they could have fastened their seat belts.

"If it is possible to determine that under certain conditions down-drafts are likely, then it would be the duty of the plane operator in exercising the high degree of care required, to take whatever precautions are necessary to guard against dangerous consequences.

"You are instructed that in determining whether the defendant acted in a reasonably prudent manner considering all the circumstances and the high degree of care with which it is charged, you may consider what equipment was used or could have been used by the defendant to determine weather conditions under the conditions forecast and/or prevailing at the time of this accident."

The part of the charge objected to by appellant is the paragraph reading: "If it is possible to determine that under certain conditions down-drafts are likely, then it would be the duty of the plane operator in exercising the high degree of care required, to take whatever precautions are necessary to guard against dangerous consequences." Read standing by itself, it would appear that this paragraph is not properly adjusted to the trial of the case before the court, or it would appear that some language intended to be included was left out. However, viewed in light of the sentence immediately preceding this paragraph, we conclude that as to any part of the paragraph objected to by the appellant, it did not constitute substantial error in explaining to the jury the standard of care owed by the appellant to its passengers.

Following the statement, "There can be no liability on the part of the defendant to either plaintiff unless the pilot and co-pilot of this plane knew or should have known of the clear air turbulence to have avoided it or to have warned the passengers so that they could have fastened their seat belts," it seems to us clear that the language of the challenged paragraph merely means that if, in fact, the pilot and co-pilot of this plane had determined that the conditions existed under which "down-drafts are likely," then it would be their duty to exercise whatever precautions were necessary to guard against dangerous consequences. We do not construe the language to mean that the airline was required, under an absolute duty, to determine the likely presence of the air turbulence that here produced the injury. We think the objection made by appellant's counsel to this paragraph of the charge reached only this point. It did not accept to the

charge on the ground that it was not adjusted to the facts of the case.

Appellant also complains of the repeated use by the trial court of terminology indicating that the appellant was required to exercise the high, or the highest degree of care consistent with operation of the airline. We think these several references to the high degree of care are not unwarranted since they are primarily found in reference to the court's statement to the jury as to the application of the standard in certain hypothetical situations presented by the trial judge.

The trial appearing to be without other error, the judgment is

Affirmed.