410 P.2d 965

Henry D. NESS, Plaintiff-Appellant,

v.

WEST COAST AIRLINES, INC., a corporation, Defendant-Respondent.

No. 9394.

Supreme Court of Idaho.

Dec. 14, 1965.

Vernon K. Smith, Boise, for appellant.

Elam, Burke, Jeppesen & Evans, Boise, for respondent.

TAYLOR, Justice.

June 2, 1959, the plaintiff (appellant) traveled round trip by air from Boise, Idaho, to Walla Walla, Washington. On the return flight, the defendant's (respondent's) plane on which plaintiff was a passenger landed at Lewiston, and took off from that point for Boise at about 9:30 p. m. Plaintiff and another passenger, Seamount, occupied the rear two seats on the right-hand side of the plane, plaintiff being seated next to the window.

Plaintiff had previously traveled by airplane on numerous occasions and understood the significance of the "Fasten Seat Belt" and "No Smoking" signs mounted in the front of the cabin in passenger planes. The "Fasten Seat Belt" and "No Smoking" signs were illuminated as the plane took off from Lewiston airport and remained so illuminated for about five minutes. After the signs were turned off, plaintiff loosened his seat belt and slouched down in his seat. The belt was not completely unfastened, but was extended about as far as could be without undoing it entirely, and, thus loosened, was left lying across plaintiff's lap. About ten to twenty minutes after leaving Lewiston and while plaintiff's seat belt was in such position, and while the "Fasten Seat Belt" sign was turned off, the plane suddenly dropped. Seamount was thrown up against the overhead luggage rack and back into his seat, without serious injury. Plaintiff was ejected upward from his seat to the extent the loosened belt would permit. At the end of such motion plaintiff was jerked back into his seat, and sustained serious injury.

Plaintiff brought this action to recover damages for the injury suffered. The action was prosecuted on two counts. The first, upon negligence of the defendant in failing, by means of the "Fasten Seat Belt" sign, or otherwise, to warn plaintiff of the likelihood of air turbulence which would cause violent motions of the plane, such as

did occur. The second count alleged breach of an implied contract to bring plaintiff from Walla Walla to Boise safely.

Before trial the court struck out count two. Upon trial, at close of plaintiff's evidence, the court granted defendant's motion for directed verdict and entered judgment for the defendant.

Plaintiff brought this appeal from the judgment.

█ Plaintiff's first contention is that the motion for a directed verdict was insufficient in that it did not specify the particulars in which the evidence was claimed to be insufficient. Plaintiff cites Koser v. Hornback, 75 Idaho 24, 265 P.2d 988, 44. A.L.R.2d 1015 (1954); Southeast Securities Co. v. Christensen, 66 Idaho 233, 158 P.2d 315 (1945); Magee v. Hargrove Motor Co., 50 Idaho 442, 296 P. 774 (1931); Mole v. Payne, 39 Idaho 247, 227 P. 23 (1924). The motion specified that the evidence was insufficient to establish negligence, or that plaintiff's injuries resulted from negligence, on the part of the defendant. This was a sufficient specification of the grounds for the motion under the present rule, I.R.C.P. rule 50(a). Cf. Davis v. Pancheri, 72 Idaho 28, 236 P.2d 716 (1951).

"Both the trial court and this court, in reviewing plaintiff's evidence on motion for non-suit, must consider it in the light most favorable to the plaintiff. If there is substantial and competent evidence which, uncontradicted, would justify reasonable men in concluding that plaintiff was entitled to prevail, then the non-suit should be denied. Or, if the evidence is such that reasonable men might draw different conclusions therefrom, as to the controlling issues in the case, then those issues should be submitted to the jury. Burt v. Blackfoot Motor Supply Co., 67 Idaho 548, 186 P.2d 498; McKee v. Chase, 73 Idaho 491, 253 P.2d 787, and cases there cited. * * *

"The court may not weigh the evidence, or resolve the conflicts therein, or determine what conclusions should be drawn therefrom. That is the function of the jury, and the essence of a jury trial." Koser v. Hornback, 75 Idaho 24, at 27, 265 P.2d 988, at 989, 44 A.L.R.2d 1015 (1954).

See also, Buffat v. Schnuckle, 79 Idaho 314, 316 P.2d 887 (1957).

Plaintiff's evidence tended to show that there were cumulo-nimbus clouds in the area south of Lewiston, which were moving in a southerly direction, from 2:00 to 8:00 p. m. on the afternoon of the flight involved; that a low pressure area existed along the course of the flight; that a cold front was advancing into the area. Witness Faubion, a meteorologist employed by the United States Weather Bureau, testi-

fied that these weather factors were contributing causes of air turbulence, which he defined to be "vertical motion of the air, or currents of air, either up or down." Plaintiff also introduced evidence to show that the accident occurred over rough, mountainous terrain in the Hells Canyon area. The meteorologist also testified that such irregular terrain, characterized by deep canyons and high mountain peaks, has a tendency to increase turbulence in the air. There was also evidence that weather bureau observations and reports were available to defendant, through the use of which defendant's pilot could have been advised of flying conditions in the area of the flight. There was also testimony that no warning was given to the passengers, including plaintiff, by means of the "Fasten Seat Belt" sign, or otherwise, of the probability of air turbulence and sudden vertical movement of the aircraft.

"A carrier of passengers by airplane is not an insurer of the passenger's safety, and its liability for injury to or the death of a passenger must be based upon some negligence or fault for which the carrier is responsible. If the carrier and its employees were exercising the required degree of care and skill at the time of the accident, the carrier is not liable for consequences which can be ascribed to inevitable accident or to an act of God, unless the situation of danger was brought about through the prior negligence of the carrier or its employees. The mere fact of injury to a passenger is not sufficient to raise a presumption that the carrier was negligent, although in some cases the circumstances shown may be such as to render applicable the doctrine of res ipsa loquitur. And even if the carrier was negligent, that negligence must be the proximate cause of the plaintiff's injury in order to hold the carrier liable therefor." 8 Am.Jur.2d Aviation, § 68.

We do not think the doctrine of res ipsa loquitur is applicable in this case, because there was evidence that the dropping of the plane was caused by an air current or air turbulence, and there was no showing, either by specific evidence, or common knowledge, that such sudden motion of a plane does not occur in the absence of negligence in the operation of the aircraft. Cudney v. Midcontinent Airlines, Inc., 363 Mo. 922, 254 S.W.2d 662 (1953).

However, as to actionable negligence of air carriers:

"* * * in several cases where plaintiffs were injured by the plane's lurching or dropping upon encountering turbulent atmospheric conditions, negligence on the part of the carrier has been alleged to consist of its em-

ployee's' or pilot's failure or omission to warn passengers to fasten their seat belts under circumstances where the pilot knew, or in the exercise of the proper degree of care should have known, that dangerous turbulence was likely to be encountered." Anno: Air Carrier—Atmospheric Turbulence, 73 A.L.R.2d at 385.

Small v. Transcontinental & Western Air, Inc., 96 Cal.App.2d 408, 216 P.2d 36 (1950); Parsley v. Midcontinent Airlines (F DC Minn.1949), U.S. Av.R. 424; Kimmel v. Pennsylvania Airlines (F DC Col.1937), U.S. Av.R. 104. On duties of air carriers in general see: Capps v. American Airlines, 81 Ariz. 232, 303 P.2d 717 (1956); Lunsford v. Tucson Aviation Corp., 73 Ariz. 277, 240 P.2d 545 (1952); Smith v. O'Donnell, 215 Cal. 714, 12 P.2d 933 (1932); Arrow Aviation, Inc. v. Moore, 266 F.2d 488, 73 A.L.R.2d 337 (8th Cir. 1959); Urban v. Frontier Air Lines, 139 F.Supp. 288 (D. Wyo.1956); 6 Am.Jur., Aviation, § 51; Cudney v. Braniff Airways (Mo.) 300 S. W.2d 412, 73 A.L.R.2d 371, Anno. 379 (1957); Kamienski v. Bluebird Air Service, 321 Ill.App. 340, 53 N.E.2d 131 (1944), 389 Ill. 462, 59 N.E.2d 853 (1945); Kasanof v. Embry-Riddle Co., 157 Fla. 677, 26 So. 2d 889 (1946); Allison v. Standard Air Lines (F DC Cal.1930) U.S. Av.R. 292, affirmed 65 F.2d 668 (9th Cir. 1933); Mc-Cusker v. Curtis Wright Flying Service,

Inc., 269 Ill.App. 502 (1933); Rainger v. American Airlines, U.S. Av.R. 122 (Cal. Sup.Ct.1943); Thomas v. American Airways (F DC Cal.1935) U.S. Av.R. 102; Kinnel v. Penn Airlines & Transport (Dist. of Col.1937) U.S. Av.R. 104.

Defendant contends that plaintiff's evidence does not establish that any negligence on the part of defendant was the proximate cause of plaintiff's injury. The evidence would support a finding that the sudden downward movement of the plane was caused by air turbulence, which defendant should have anticipated, and that defendant's failure to warn plaintiff of the probability of such motion, and the consequent failure of plaintiff to use his seat belt, was sufficient to establish causal connection between defendant's failure to warn plaintiff and the resultant injury.

It was not necessary to establish the precise cause of the air turbulence. It is not contended or suggested that defendant was in anywise responsible therefor. But, it was defendant's duty to exercise such means as were available to it to avoid or minimize the danger to its passengers which probably would result from such turbulence.

As to proximate cause, it was sufficient to show that the probability of air turbulence, and the likelihood of injury to passengers therefrom, in the absence of

**118**

warning thereof, was foreseeable. Springsteel v. Jones & Laughlin Steel Corp., 2 Ohio App.2d 353, 192 N.E.2d 81, 86, 87 (1963); Tropea v. Shell Oil Co., 307 F.2d 757, 766 (2d Cir. 1962); Greyhound Corp. v. Wilson, 250 F.2d 509, 513 (5th Cir. 1957); Marshal v. Nugent, 222 F.2d 604, 58 A.L.R.2d 251 (1st Cir. 1955); Gibson v. Garcia, 96 Cal.App.2d 681, 216 P.2d 119 (1950); Carron v. Guido, 54 Idaho 494, 33 P.2d 345 (1934); 2 Restatement Torts § 281, Ill. 1 (1934).

■■ The court erred in granting defendant's motion for nonsuit and the cause must be remanded for a new trial.

■ Plaintiff assigns as error the refusal of the court to permit him to call as a witness for cross-examination one George Cooke, who was the pilot of the plane at the time of the accident. It was shown that Cooke as such pilot was in immediate charge of the aircraft and its crew. For the purpose of managing the aircraft and crew in the accomplishment of its flight from Lewiston to Boise, the pilot was the managing agent of defendant corporation, within the meaning of IRCP rule 43(b). See also, I.C. § 9–1206. The ruling was erroneous.

■ The order of the court striking plaintiff's count two was proper. The defendant was not an insurer of the safety of its passengers. Its liability must be based on negligence. Arrow Aviation, Inc. v. Moore, 266 F.2d 488, 73 A.L.R.2d 337 (8th Cir. 1959); 8 Am.Jur.2d Aviation, § 67.

Judgment dismissing count two affirmed.

Judgment dismissing count one reversed and cause remanded for new trial.

Costs to appellant.

McQUADE, C. J., and McFADDEN, SMITH and KNUDSON, JJ., concur.