**Billie KELLY, Plaintiff-Appellant,**

v.

**AMERICAN AIRLINES, INC., Defendant-Appellee.**

No. 74–2747.

United States Court of Appeals, Fifth Circuit.

March 7, 1975.

Kenneth W. Fuqua, Dallas, Tex., for plaintiff-appellant.

H. Dudley Chambers, W. B. Patterson, Robert F. Ruckman, Dallas, Tex., for defendant-appellee.

Before AINSWORTH, GODBOLD and SIMPSON, Circuit Judges.

PER CURIAM:

In this Texas diversity suit plaintiff, Billie Kelly, while a passenger on an American Airlines 747 flight from Dallas, Texas to San Juan, Puerto Rico, in August 1971, was injured when the tail section of the 747 experienced a severe and sudden jolt approximately 500 miles from San Juan. The district judge, without a jury, denied plaintiff recovery against American Airlines, Inc., holding that she failed to prove any negligence. The trial court, in deciding the case, refused plaintiff's request to apply the doctrine of *res ipsa loquitur* to air turbulence cases. We affirm.

The main issues raised on appeal are (1) whether the doctrine of *res ipsa loquitur* formerly limited to airplane crashes [1] should be extended to apply to air turbulence cases in general, and (2) whether the particular facts of this case warrant its application.

Under Texas law the principal requisites necessary to invoke the doctrine of *res ipsa loquitur* are (1) the accident would not have occurred in the ordinary course of events without negligence by the defendant, and (2) the defendant had exclusive control of the instrumentality. Owen v. Brown, Tex., 1969, 447 S.W.2d 883, 886; Bond v. Otis Elevator Co., Tex., 1965, 388 S.W.2d 681, 686, and authorities cited therein. See also Prosser on Torts (4th ed. 1971) § 39, p. 214. The overwhelming weight of authority has declined to invoke *res ipsa loquitur* in air turbulence cases based on the absence of this first requisite.[2]

However, even assuming that severe jolts in flight do not ordinarily occur without negligence by the airline, the evidence in this case suggests a credible explanation for the turbulence which involves no negligence by the airline or its employees. Two possible theories are presented as the cause of the turbulence. Plaintiff attributes the jolt to weather-produced turbulence and alleges pilot negligence in failing to warn the passengers was the cause of her injury. Based on its experts' testimony and area weather reports, defendant concludes that wing tip vortices due to passing aircraft, which the pilot could neither foresee nor avoid, produced the turbulence. Confronted with two plausible explanations, one suggesting defendant's negligence and one not, the trial court was correct in finding that *res ipsa loquitur* was inappropriate in this case.

Furthermore, the application of *res ipsa* would not change the outcome of this case. In Texas,[3] the doctrine op-

1. Cox v. Northwest Airlines, Inc., 7 Cir., 1967, 379 F.2d 893; Citrola v. Eastern Air Lines, 2 Cir., 1959, 264 F.2d 815; Capital Airlines, Inc. v. Barger, 1960, 47 Tenn.App. 636, 341 S.W.2d 579. See Prosser on Torts (4th ed. 1971) § 39, p. 218.

2. Gafford v. Trans-Texas Airways, 6 Cir., 1962, 299 F.2d 60, 61–62, and authorities cited therein; Lazarus v. Eastern Air Lines, Inc., 1961, 110 U.S.App.D.C. 255, 292 F.2d 748, 750; Ness v. West Coast Airlines, Inc., 1965, 90 Idaho 111, 410 P.2d 965, 968; Cudney v. Mid-Continental Airlines, 1953, 363 Mo. 922, 254 S.W.2d 662, 666–667. See also Eastern Air Lines, Inc. v. Silber, 5 Cir., 1963, 324 F.2d 38.

3. The district judge and both parties accept Texas law as controlling on this issue. See also United Air Lines v. Wiener, 9 Cir., 1964, 335 F.2d 379, 390–392, cert. denied, 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549 (1964). However, if federal law governed the effect of *res ipsa*, the result would be the same. United States v. Ridolfi, 2 Cir., 1963, 318 F.2d 467.

erates as an inference rather than a presumption of negligence, which merely shifts the burden of going forward with the evidence. The plaintiff continues to have the burden of persuasion by a preponderance of the evidence. Mobile Chem. Co. v. Bell, Tex., 517 S.W.2d 245 (1974), aff'g Tex.Civ.App., 502 S.W.2d 564. The trial judge's findings that plaintiff failed to prove defendant's negligence were not clearly erroneous so as to warrant our interference with his conclusion. See Rule 52(a), Fed.R.Civ.P.

Affirmed.