

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00215-CV

———————————————

ROBERT STEVEN RITCHEY, Appellant

V.

AMERICAN AIRLINES GROUP, INC. AND AMERICAN AIRLINES, INC.,
Appellees

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-331625-22

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

## I. Introduction

Pro se appellant Robert Steven Ritchey sued Appellees American Airlines Group, Inc. (AAG) and American Airlines, Inc. (collectively, American)[1] for personal injuries he allegedly sustained in January 2020 after a flight attendant provided him with an unopened package of earphones to use for an in-flight movie and the captain made an announcement during the movie using the public announcement (PA) system, causing a very loud "pop." Ritchey alleged that the pop "was so loud that [he] was unable to hear anything out of both ears when it happened." He regained his hearing but was left with tinnitus.

In his original petition, Ritchey complained that American's "negligence in the selection of, use of, operation of, and/or maintenance of its PA and/or media systems/equipment was more than just momentary thoughtlessness or inadvertence" and involved an extreme degree of risk. He further "plead[ed] the doctrine of *Res Ipsa Loquitur* in that (a.) the injuries [he] sustained ordinarily do[] not occur in the absence of negligence, and (b.) the PA and/or media systems/equipment were within the exclusive control of [American] at all relevant times herein."

---

[1]Ritchey acknowledged in his summary-judgment response that summary judgment was appropriate as to AAG after American pointed out that AAG was a holding company that did not control the day-to-day operation of American Airlines or otherwise supervise or control American Airlines' employees on in-flight operations, stating, "Plaintiff concedes summary judgment only to AAG's No-Evidence Motion for Summary Judgment and only to AAG's Traditional Motion for Summary Judgment."

American filed a traditional and no-evidence motion for summary judgment, which the trial court granted. In a single issue, Ritchey argues that the trial court erred by doing so, relying exclusively on his res ipsa loquitur theory. We overrule his sole issue and affirm the trial court's judgment.

## II. Background

In its summary-judgment motion, American asserted that Ritchey's negligence claim was not viable as a matter of law and that he had no evidence that American knew or could have known that the aircraft's PA system, media system, or earphones posed a foreseeable risk of injury to him; that American should have anticipated the alleged danger in the equipment, which was manufactured by a third party; or that American was the proximate cause of his injury, that his injury was foreseeable, or that American owed him a duty.

American further argued that it was entitled to a traditional summary judgment because it did not breach a legal duty to Ritchey, it could not have foreseen the incident, and it was not the "but for" factor that caused the injury, supporting its assertions with excerpts from Ritchey's deposition. Ritchey admitted in his deposition that a third party, not named in the suit, was responsible for manufacturing and maintaining the equipment that had allegedly caused his injury. *Cf. Schindler Elevator Corp. v. Ceasar*, 670 S.W.3d 577, 583 (Tex. 2023) (explaining that res ipsa loquitur is a rarely applied evidentiary doctrine that relieves the plaintiff of the burden of proving a specific act of negligence by the defendant when it is impossible for the plaintiff to

3

determine the sequence of events or when the defendant has superior knowledge or means of information to determine the accident's cause); *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990) (stating that res ipsa loquitur allows the circumstances surrounding an accident to support a negligence finding only when two factors are present: (1) the accident's character is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to have been under the defendant's management and control); *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 251 (Tex. 1974) (stating that the first res ipsa loquitur factor is necessary to support the negligence inference and the second "is necessary to support the inference that the defendant was the negligent party").[2]

In his deposition, Ritchey also asserted that American had been negligent because it "should have known that there[ was] a possibility that . . . [its] media

---

[2]The supreme court recently gave the "classic" res ipsa loquitur example as "when a foreign object is left in a patient after surgery." *Schindler Elevator Corp.*, 670 S.W.3d at 583; *see Mobil Chem. Co.*, 517 S.W.2d at 250 (explaining that res ipsa loquitur "has come to signify that in certain limited types of cases the circumstances surrounding an accident constitute sufficient circumstantial evidence of the defendant's negligence to support such a fact finding"). Res ipsa loquitur's purpose "is to relieve the plaintiff of the burden of proving a specific act of negligence." *Jones v. Tarrant Util. Co.*, 638 S.W.2d 862, 865 (Tex. 1982). For res ipsa loquitur to apply, the plaintiff need not totally negate other potential causes but must establish that the defendant's negligence was the "most plausible" explanation for the accident. *Turbines, Inc. v. Dardis*, 1 S.W.3d 726, 742 (Tex. App.—Amarillo 1999, pet. denied) (op. on reh'g). Res ipsa loquitur is improper when the evidence shows two equally plausible explanations. *Id.* at 742–43 (concluding that the trial court erred by submitting a res ipsa loquitur instruction when there was facially credible evidence supporting both the defendant's theory of pilot error and the plaintiff's theory of engine failure and that both theories were equally probable as to the plane crash's cause).

4

equipment or PA equipment could cause damage to somebody listening to it" and that American should have been aware of the possibility "because the accident happened," although he did not inform American about the accident until he filed suit. He agreed that to his knowledge American had not manufactured the PA system or media system and asserted that it was "always a possibility" that the third-party manufacturer had caused his injury, stating "maybe they knew and didn't tell American." He agreed that American's discovery responses did not indicate that American knew of any defect in or dangers associated with the equipment. He was unaware of whether American had been negligent in the selection of the media or PA system or in the maintenance of the PA system.

To his summary-judgment response, Ritchey attached his affidavit, some of American's discovery responses, and his original petition.[3] American's interrogatory answers showed that the PA and media equipment, a Thales TopSeries i5000 Inflight Entertainment System and a Cabin Media Loader 91000184-2, were pre-installed when American purchased the aircraft in 2017; that Thales maintained the PA and media equipment but that American did not know whether American performed or

[3]American objected to some of Ritchey's summary-judgment evidence but did not obtain a ruling on its objections. *Cf. Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 164–66 (Tex. 2018) (requiring express ruling on form objections to summary-judgment evidence).

contracted with another company to perform ongoing testing on the equipment;[4] and that American had received no written or oral complaints about the PA or media equipment in the two years before the incident.

Ritchey argued that American was not entitled to summary judgment as negligence could be inferred from the facts under res ipsa loquitur: he had boarded the flight, heard a loud pop while listening to the onboard media equipment, temporarily lost most of his hearing, and had suffered from tinnitus ever since. Ritchey contended that his invocation of res ipsa loquitur was sufficient to defeat American's no-evidence challenge. He also stated, "Although the PA and [m]edia equipment were manufactured by a company other than [American], the PA and [m]edia equipment were under the management and control of [American]. Their testing and maintenance were under the management and control of [American]." He asserted that his claims were not based on product liability but rather on American's "negligence in the operation and/or maintenance of its PA and/or [m]edia equipment." Ritchey claimed, "There are two primary possibilities for what caused my injuries: (1) the pilot caused the loud pop when cutting off the [m]edia equipment and

---

[4]The interrogatory responses were verified by an American Airlines claims analyst and were "based on information communicated to [the analyst] by American Airlines, Inc.'s personnel [and] counsel for American Airlines, Inc.[] and information obtained from records of American Airlines, Inc." In response to requests for production that referenced the interrogatories—specifically, requests for maintenance records and testing results—American stated that after a reasonable search, it could not locate any responsive documents.

switching over to the PA equipment, and/or (2) [American] failed to properly maintain its PA and [m]edia equipment."[5]

In its reply to Ritchey's response, American identified deficiencies in Ritchey's summary-judgment response regarding duty, foreseeability, and causation and noted that his "Hail Mary repeated reliance on the doctrine of *res ipsa loquitur* falls well short of saving his single claim." The trial court granted American's motion without specifying upon which grounds.

## III. Discussion

Ritchey argues that his summary-judgment response relying on res ipsa loquitur "should have been more than sufficient for the trial court to deny [American's] no-evidence and traditional motion for summary judgment."

"When an argument is not made challenging every ground on which the summary judgment could be based, we are required to affirm the summary judgment, regardless of the merits of the unchallenged ground." *Rollins v. Denton County*, No. 02-14-00312-CV, 2015 WL 7817357, at *2 (Tex. App.—Fort Worth Dec. 3, 2015, no pet.) (mem. op.); *see Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied). In the no-evidence portion of its motion, American argued that there was no evidence of proximate cause or a legal duty, and in the traditional portion of its motion, American argued that it did not breach a legal duty, could not

---

[5]In addition to his res ipsa loquitur arguments, in his summary-judgment response, Ritchey addressed American's foreseeability, causation, breach, and duty grounds, but he does not address those grounds on appeal.

have foreseen the incident, and was not the "but for" factor that caused the injury. Ritchey does not challenge any of these grounds for the trial court's summary judgment by way of this appeal; instead, he relies solely upon his res ipsa loquitur argument for reversal. Because we are constrained to affirm the summary judgment on any grounds asserted in the trial court left unchallenged on appeal, we need not address the merits of Ritchey's sole argument for reversal.[6]

---

[6]We nonetheless note that res ipsa loquitur would not apply on these facts because of the possibility not only of the pilot's negligence or American's negligence but also of defects in the PA and media systems' design or manufacture or even electrical problems potentially caused by the aviation environment itself (although we note that neither party mentioned turbulence). *See Schindler Elevator Corp.*, 670 S.W.3d at 581 (holding res ipsa loquitur jury instruction was improperly included in elevator-injury case because plaintiff failed to show—as here—that the type of accident would not ordinarily occur absent negligence). *Compare Kelly v. Am. Airlines, Inc.*, 508 F.2d 1379, 1380 (5th Cir. 1975) (applying Texas law to conclude that when more than one plausible theory existed as to the cause of turbulence that led to the plaintiff's injury—one suggesting the defendant's negligence and one not—the trial court was correct in finding that res ipsa loquitur was inappropriate), *with Smith v. Piedmont Airlines, Inc.*, 728 F. Supp. 914, 916–17 (S.D.N.Y. 1989) (holding res ipsa loquitur charge was appropriate when there were three possible explanations for the failure of the overhead compartment latch—(1) the latch's defective design or manufacture; (2) the latch's improper maintenance by the airline; or (3) the compartment's improper closure before take-off—but the defendant airline never raised the defective-design-or-manufacture argument during trial, and "it was entirely reasonable for the jury to conclude that an overhead bin would not normally open during a flight and empty its contents on a passenger's head in the absence of negligence on the part of the airline"). *See generally* David Mactavish & John Scott Hoff, *Things That Go Bump in the Flight: In-Flight Turbulence Injuries*, 13-SUM Air & Space Law. 1, 18, 20 (1998) (noting that in-flight turbulence "remains the leading cause of nonfatal air carrier injuries" and noting that a common carrier is required to exercise "the highest degree of care consistent with practical operation of the conveyance" but is "not required to *guarantee* the safety of its passengers against all injuries"). The excerpts from Ritchey's deposition establish that to his knowledge, American had not manufactured the PA or media systems and was not aware of any dangers associated with them.

## IV. Conclusion

Because Richey failed to challenge every ground upon which summary judgment could have been granted, we overrule his sole issue and affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: February 8, 2024

9